Gregory A. DUKE and Gwen Duke, Appellees,

v.

Melvin CLARK, Appellant.

No. 60836.

Supreme Court of Iowa.

June 28, 1978.

Roy W. Meadows, of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

R. E. Feilmeyer, of Taylor, Taylor & Feilmeyer, Guthrie Center, for appellees.

Considered by MOORE, C. J. and RAWLINGS, LeGRAND, REES, and HARRIS, JJ.

LeGRAND, Justice.

This appeal arises out of a personal injury claim resulting from an explosion in a house owned by defendant Melvin Clark, and rented by the plaintiffs, Gregory A. Duke and Gwen Duke. Gregory A. Duke sustained serious personal injuries. His wife joined in the suit, asking damages for loss of consortium. A jury returned a verdict in favor of the defendant, and the trial court awarded plaintiffs a new trial on the ground the instructions on contributory negligence constituted reversible error. Defendant appeals from that order, and we affirm.

Plaintiffs cross-appeal, alleging error in rejecting evidence of the Guthrie County health ordinance on the issue of implied warranty of habitability and objecting to the sufficiency of evidence on the issue of contributory negligence. We affirm on the cross-appeal, too. For convenience we refer to Gregory A. Duke as though he were the sole plaintiff.

When the explosion occurred on September 30, 1972, the Dukes had been in the premises as tenants since sometime in 1968 or 1969. Before entering into the lease, plaintiff was advised it was necessary to run water periodically into the basement floor drains in order to avoid an odor from the septic tank and sewer system.

The evidence shows the septic tank and sewer system gave off an offensive odor generated by methane gas, commonly called sewer gas, which was present in the system. Under certain conditions, this gas could back up through the connecting sewer lines and enter the premises by escaping through the two drains in the basement. These drains were equipped with traps, which were described by one witness as being obsolete, the purpose of which was to trap the gas—to stop it from entering the premises. This was supposedly accomplished by

keeping water in the drains. The water acted as a seal, containing the gas within the sewer lines. Thus maintaining water in the drains did much more than simply eliminate or reduce an offensive odor. It also protected the premises from the invasion of dangerous methane gas.

Sometime after moving in plaintiff removed the drain cap from one of the drains and inserted the discharge hose from his washing machine directly into the line. The practical effect of this was to greatly minimize the operation of the trap in that drain by making it impossible to maintain the water seal. This in turn allowed gas to back up into the basement. On the day of the accident, plaintiff returned home from a shopping trip and went to the basement intending to transfer a load of clothes from the washer to the gas-fired dryer. After completing the transfer of clothes, he activated the timer switch on the dryer. The explosion and accompanying flash fire followed immediately.

Plaintiff's theory of the case is that the explosion was caused by methane gas escaping from the sewer line into the basement of his house, which was ignited when the dryer was turned on.

Originally his petition was in four counts. Two of these went out of the case on defendant's motion for a directed verdict. The claim was eventually submitted to the jury on one count of negligence and one on implied warranty of habitability.

On defendant's appeal the following three issues are raised:

1. The evidence was insufficient to generate a jury question on causation.
2. The court erred in denying defendant's motion for directed verdict because of failure to prove specifications of negligence.
3. The court erred in granting a new trial on the basis of errors in Instructions 14 and 15.

I. *Negligence and Proximate Cause.*

We discuss the first two of defendant's assignments together because they are closely related. One deals with negligence, the other with proximate cause. Each is relied on by defendant to establish the case should not have been submitted to the jury.

In many ways this case is similar to *Wright v. Peterson,* 259 Iowa 1239, 1244–46, 146 N.W.2d 617, 620 (1966). There we held a landlord is liable for latent defects which were known or should have been known at the time of the lease which the landlord actively concealed or about which he failed to warn the tenant.

Defendant says there was no evidence to sustain plaintiff's allegations that the septic tank and sewer system were latently defective. Further he argues plaintiff knew or should have known of any defects, because he was in fact warned of them before he moved into the premises.

Defendant relies heavily on the fact plaintiff was told to keep the basement drains filled with water to reduce the odor. Defendant, we believe, mistakenly equates a warning about odor with a warning about a dangerous and defective condition. There is no evidence that defendant at any time alerted plaintiff to the danger of an explosion. We cannot say, as a matter of law, that a warning about an odor was sufficient warning that an explosion might occur unless water was kept in the drain. We discuss this later in considering plaintiff's contributory negligence.

■ We hold there was a jury question generated on defendant's negligence concerning the dangerous and defective condition of the septic tank and sewer system and also on the adequacy of the warning given plaintiff at the time he leased the property.

Our conclusion that there was sufficient evidence of negligence to submit to the jury disposes of only part of defendant's argument. The separate issue of proximate cause must also have substantial support in the record. *Robeson v. Dilts,* 170 N.W.2d 408, 412 (Iowa 1969). Defendant contends the evidence falls short of meeting this test. This is inextricably tied in with defendant's contention that plaintiff's contributory negligence was the sole proximate cause of the

accident, a question we discuss in Division II.

Defendant's argument is principally an attack on the testimony of plaintiff's expert witness, Robert N. Corning, a chemical engineer, whose qualifications, based upon education and practical experience, were clearly sufficient to permit him to testify as an expert concerning the construction and operation of septic tanks and sewer systems.

Defendant concedes this. However, he relies on the rule an expert must not only be qualified generally, but must also possess sufficient information to permit him to express his opinion on the particular issue involved. *See Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 11 (Iowa 1977); *Becker v. D & E Distributing Co.,* 247 N.W.2d 727, 732–33 (Iowa 1976); *Hedges v. Conder,* 166 N.W.2d 844, 856–57 (Iowa 1969); *Dougherty v. Boyken,* 261 Iowa 602, 614, 155 N.W.2d 488, 495 (1968).

In this case, Mr. Corning gave detailed testimony concerning the construction and operation of the septic tank and connecting sewer lines. He described how such a sewage plant operates and how lethal gas is sometimes produced. He told how this gas backs up into the premises if not properly obstructed or "trapped." He stated the one drain from which plaintiff had removed the cap had thereby been robbed of much of its ability to act as a seal against gas backing up into the basement.

■ Defendant objected to much of this preliminary testimony on grounds of remoteness and failure to show similarity of conditions in 1972, when the explosion occurred, and 1975, when Corning examined the premises. We believe the trial court was right in allowing this evidence to go in.

■ We have adopted a liberal rule on the admission of expert testimony and have accorded trial judges wide discretion in ruling on such matters. We reverse only for an abuse of trial court discretion. *Haumersen v. Ford Motor Co.,* 257 N.W.2d at 11.

■ The very purpose of such step-by-step questioning is to determine later if a proper foundation has been laid for the expression of expert opinion. Considerable latitude must be allowed in this process. *See Dougherty v. Boyken,* 261 Iowa at 609, 155 N.W.2d at 491.

We point out Mr. Corning was allowed to answer without objection the two hypothetical questions bearing directly on the cause of the explosion. He expressed the opinion that it was "probably" caused by methane gas which had backed up into the basement from the sewer line. At another time he expressed his opinion that gas was "possibly" in the sewer line.

Defendant urges upon us that the use of the words "probably" and "possibly" are insufficient to make a jury question on proximate cause. In each instance the witness explained what he meant by these terms and why he used them. We do not understand defendant to argue such testimony was not admissible; rather he says it was insufficient to allow the jury to pass on the question of proximate cause. If he is right, he was, of course, entitled to a directed verdict. In both *Dickinson v. Mailliard,* 175 N.W.2d 588, 592 (Iowa 1970), and *Becker v. D & E Distributing Co.,* 247 N.W.2d at 730, we said an opinion couched in terms like "possible" and "probable" is admissible, although such an opinion, standing alone, may not be enough to make out a case of proximate cause for the jury. The opinion must be considered together with all other evidence in the case, both expert and lay, to see if there is a jury issue.

In addition to Mr. Corning's opinion, there was testimony concerning the odor from the sewer lines. There was testimony it was worse when water was not flushed down the drain. There was testimony that this indicated the presence of methane gas and that this gas could be ignited as in the explosion which occurred here. There was evidence negativing the presence of propane gas, the fuel used to fire plaintiff's clothes dryer, which was another possible cause of the accident.

In fact this theory of the presence of methane gas being established by the exist-

ence of an odor is the basis for defendant's claim plaintiff was guilty of contributory negligence.

■ We believe there was sufficient evidence from which the jury could have found the explosion occurred because of the presence of methane gas backing up into the basement from the sewer in sufficient quantity to be ignited by a spark when plaintiff activated his clothes dryer. We hold the trial court was right to submit the case to the jury.

II. Defendant in his last assignment insists the trial court was wrong in granting a new trial because of error in Instructions 14 and 15 on the issue of contributory negligence.

Defendant raised the defense that plaintiff was guilty of contributory negligence because he failed to follow instructions from defendant to keep water in the drain and because he removed the drain cap, allowing gas to back up into the basement. This, he says, was the sole proximate cause of the explosion.

We set out these instructions in their final form:

"Instruction No. 14. The Defendant asserts that the Plaintiff cannot recover because he was contributorily negligent. "As applied to this case if you find that the Plaintiff was instructed to maintain water in the basement drains to stop the sewer odor and that the plaintiff failed to run water in said drains as instructed so as to render the drain trap ineffective, Plaintiff would be negligent.

"Instruction No. 15. The Defendant asserts that the Plaintiff cannot recover because he was contributorily negligent. "As applied to the facts in this case if you find that the Plaintiff removed the drain plate and placed the discharge hose of the washing machine directly into the basement drain so as to render the drain trap ineffective, Plaintiff would be negligent."

As first submitted, these instructions were unsatisfactory to both plaintiff and defendant. Plaintiff objected because he said they made his conduct negligence per

se. He wanted the trial court to instruct that he was guilty of contributory negligence only if he had acted contrary to how a reasonable man would have acted under the circumstances.

Defendant, on the other hand, objected because Instructions 14 and 15 included references to proximate cause, a matter which had already been explained in another instruction covering contributory negligence generally. Defendant argued it was prejudicial error to overemphasize that issue by repeating it in Instructions 14 and 15.

The trial court made several changes in these instructions and eventually eliminated any reference to proximate cause but made no change to meet plaintiff's objection concerning the reasonable man standard.

We believe the instructions were erroneous and that the trial court was right in granting a new trial.

■ Ordinarily only when violation of a statute or ordinance is involved have we held conduct to be negligence per se. Otherwise negligence and contributory negligence are matters for jury determination under proper instructions. *Jorgensen v. Horton,* 206 N.W.2d 100, 102, 104 (Iowa 1973); *Capener v. Duin,* 173 N.W.2d 80, 81 (Iowa 1969). But see *Koll v. Mantt's Transportation Co.,* 253 N.W.2d 265, 270 (Iowa 1977).

We do not foreclose the possibility that sometimes the evidence may establish such issues as a matter of law, but this is not one of those cases. The evidence shows only that plaintiff was warned to keep the drains flushed out to "keep down the odor." There is nothing to indicate he knew or should have known—as a matter of law—that there was danger of an explosion.

His own testimony is that he "assumed" putting the hose into the drain would help flush it out when in fact this had a contrary result.

■ As we pointed out in *Jorgensen,* the fact of the warning is only one circumstance to be considered in deciding if plaintiff acted as a reasonable man. *Jorgensen*

involved a warning by horn. The question was whether failure to heed it was negligence per se. We quote this applicable statement from that opinion, 206 N.W.2d at 104:

"We do not believe trial court could tell the jury a warning by horn was adequate as a matter of law any more than it could inform the jury it was inadequate as a matter of law. No statute or ordinance is involved. The doctrine of negligence per se is inapplicable. The question is one of common law negligence and therefore Jorgensen is held to the standard of care of a reasonable man in the circumstances. 'What is reasonable care under the circumstances is ordinarily a jury question.' *Appling v. Stuck,* 164 N.W.2d 810, 814 (Iowa 1969). We see no reason to make an exception here."

*See also Frantz v. Knights of Columbus,* 205 N.W.2d 705, 711 (Iowa 1973) and *Capener v. Duin,* 173 N.W.2d at 86.

Under the circumstances now before us, was the warning about the odor sufficient to alert plaintiff to the presence of gas? Did he understand methane gas might build up if he removed the drain plate? Should he have known there was a danger of explosion if he failed to keep water in the drain? Should he have known inserting the hose from the washing machine in the drain would destroy or minimize the effectiveness of the trap?

■ These are questions which cannot be decided as matters of law. They should have been submitted to the jury under proper instructions concerning whether plaintiff's conduct met the reasonable man standard. Failure to do so was reversible error. The trial court was correct in granting a new trial on this ground.

III. Plaintiff cross-appeals on several matters arising out of the issue of implied warranty of habitability. In *Mease v. Fox,* 200 N.W.2d 791 (Iowa 1972), we recognized the obligation of a landlord to provide his tenant with premises suitable for habitation and adopted, as have many other courts, the doctrine of implied warranty of habitability. The trial court submitted plaintiff's

claim based on this theory, but plaintiff nevertheless argues the trial court erred in rejecting proffered evidence of violation of the Guthrie County Health Ordinance concerning the construction and maintenance of septic tanks.

■ During trial defendant raised the question whether *Mease v. Fox* is limited to recovery for breach of contract or whether it may serve as the basis for a tort claim as well. He seems to have abandoned that argument on appeal. In any event, it is well settled the neglect of a duty imposed by contract is a tort for which an action ex delicto will lie. *Porter v. Iowa Power and Light Co.,* 217 N.W.2d 221, 228 (Iowa 1974).

*Mease* holds that a landlord warrants the habitability of the premises at the inception of the lease, and his warranty continues during the term of the lease. *Mease* also says the violation of "applicable" housing ordinances is relevant to show breach of the implied warranty. *See* 200 N.W.2d at 796. Plaintiff relies on this statement to challenge the trial court's exclusion of the ordinance in the present case. However, his complaint is not well founded.

■ The lease in the present case was entered into in 1968. The ordinance was adopted in 1970. In the absence of any contrary indication, we assume the ordinance was regulatory of future installations of septic tanks and that it did not purport to require—if, indeed, it could—existing systems to be modified. Under such circumstances, the ordinance would not be an applicable housing law and evidence of its terms would not be relevant. The trial court was right in rejecting this evidence.

■ Plaintiff also argues the instructions erroneously placed on him the burden to prove the implied warranty of habitability. We agree that he has no such burden. The warranty arises by operation of law upon proof of the lease. Although the instructions are somewhat ambiguous, we doubt if there is reversible error. It is apparent the trial court intended to place on plaintiff only the burden to prove a

violation of the implied warranty. This burden, of course, is rightfully his. In the event of another trial, the instructions should clearly set out that the implied warranty arises from the lease itself and that plaintiff has the burden to prove it has been violated.

We have considered plaintiff's other objection to the instructions and find it to be without merit.

IV. The case is affirmed on both appeals. Costs are assessed against defendant.

AFFIRMED ON BOTH APPEALS.