Roy THRASHER, Appellee,

v.

Donald GERKEN and George A. Hormel & Company, a Delaware Corporation, Appellant.

No. 65312.

Supreme Court of Iowa.

Aug. 26, 1981.

Rehearing Denied Sept. 17, 1981.

Richard C. Bauerle of Johnson, Bauerle & Hester, Ottumwa, for appellant.

Bailey C. Webber and Dennis W. Emanuel of Webber, Gaumer & Emanuel, P. C., Ottumwa, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

LeGRAND, Justice.

This case arises out of an injury suffered by plaintiff, an employee of J.P. Cullen Construction Company, while he was working on a new building being constructed for George A. Hormel & Company. The jury returned a verdict for $112,500 in plaintiff's favor. Defendant appeals. We reverse and remand for entry of a judgment in favor of defendant on its motion for judgment notwithstanding the verdict.

The accident occurred when plaintiff fell through an opening in the roof of the building under construction. His injuries are serious and permanent. He brought this

action against Donald Gerken, who was a superintendent for Cullen, and Hormel, owner of the premises where the accident occurred. The jury found for Gerken and against Hormel. Plaintiff has not appealed as to Gerken's liability, and this appeal is between plaintiff and Hormel alone.

Hormel engaged Cullen to construct a five-million-dollar meat packing plant in Ottumwa. Hormel acted as its own architect. Cullen as general contractor assumed the obligation of establishing and maintaining safety procedures and complying with all applicable safety laws, rules and regulations. It is conceded Cullen was an independent contractor. Consequently Hormel is not liable for Cullen's negligence unless the case comes within one of the exceptions to this general rule. *Clausen v. R.W. Gilbert Construction Co. Inc.*, Iowa, 309 N.W.2d 462, filed August 26, 1981; *Lunde v. Winnebago Industries, Inc.*, 299 N.W.2d 473, 475 (Iowa 1980).

To establish Hormel's vicarious liability, plaintiff relies on two theories. First, he asserts he was a business invitee to whom Hormel owed a duty to provide a safe place to work; next, he claims the protection of the rule that one may become liable for the negligence of an independent contractor who is employed to do work that is specially, peculiarly, or inherently dangerous. Both theories were submitted to the jury. We conclude plaintiff is not entitled to prevail on either one, and we hold defendant's motion for judgment notwithstanding the verdict should have been sustained.

This case was tried before our decision in *Lunde v. Winnebago Industries, Inc.*, which is almost identical factually with the present case. *Clausen*, decided today, lends further support to the result we reach. They are virtually controlling, and we rely on them heavily in discussing plaintiff's two propositions.

## I. *Business Invitee*

■ When Cullen began work on this project, it took possession of unimproved land owned by Hormel. Cullen promptly constructed a chain-link fence around the building site, and Hormel relinquished control of the property to Cullen during the construction period.

Plaintiff contends Hormel retained substantial control of the premises during construction. If so, Restatement (2d) of Torts, §§ 343 and 343A, would be applicable as those sections deal with the liability of the possessors of land under certain factual situations. *See Greenwell v. Meredith Corp.*, 189 N.W.2d 901 (Iowa 1971). However, if Hormel has relinquished possession, then sections 328E and 422 of the Restatement are applicable. *Lunde*, 299 N.W.2d at 479.

Plaintiff argues Hormel, in acting as its own architect and in having its own personnel on the premises at all times, remained in possession and exercised control over the project. However, the evidence shows Hormel's involvement was only to make certain that construction complied with contract specifications. This is fully discussed in *Lunde*, 299 N.W.2d at 479–80, and we adopt what was said there.

On this point, the present case is distinguishable from *Clausen*. There the defendant was the general contractor, who was not only in possession of the premises but exercised day-to-day control over the work. We held the case should go to the jury on the general contractor's duty to provide employees with a safe place to work. Here Hormel was not in possession, and it had no control over the work. There is no substantial evidence to the contrary.

We hold the trial court should have decided as a matter of law that plaintiff was not a business invitee of Hormel.

## II. *Peculiar Risk*

■ We relate briefly the circumstances under which plaintiff was injured. On the day of the accident, plaintiff was engaged with two other laborers in cleaning debris off the roof to prepare it for application of roofing material by a sub-contractor. He backed into one of the openings cut in the roof to accommodate vents and chimneys, falling twenty-two feet to the ground and sustaining serious injuries.

The opening was approximately 5 feet × 5 feet in size. The roof was flat and was constructed of corrugated metal panels. Ordinarily openings such as this are kept covered. This one was not. There was no evidence that the method of construction was anything except usual and ordinary. The accident resulted solely from the failure to provide a protective covering for the opening.

This matter has been exhaustively discussed in *Lunde*, 299 N.W.2d 475–79. It was also considered in *Clausen*.

In *Lunde* we said:

We must first consider whether Lunde's "peculiar risk" theory is an issue of fact or law. Lunde contends the trial court erred in granting the motion for judgment notwithstanding the verdict because liability of Winnebago was a matter for the jury and not the court. However, the question is whether, under these facts, a property owner owed a *duty* to an employee of an independent contractor. This is a legal question. (Citations)

299 N.W.2d at 475.

*Lunde* also announces the general rule—with extensive citation of supporting authority—that ordinary building projects are not covered by the peculiar risk rule. 299 N.W.2d at 477. We find nothing which persuades us to retreat from that principle here.

It would serve no purpose to repeat at length what we so recently said in both *Lunde* and *Clausen*. We adopt the rationale expressed in both. The trial court should have ruled as a matter of law Hormel had no vicarious liability for the negligence of Cullen.

III. *Conclusion*

The jury was permitted to decide the case on alternative theories of liability. We have decided in Divisions I and II that neither should have been submitted. It follows defendant was entitled to have its motion for judgment notwithstanding the verdict sustained. We reverse with directions that such a judgment be entered.

The result reached makes it unnecessary to consider the other issues raised by defendant.

REVERSED AND REMANDED WITH INSTRUCTIONS.