Dennis C. FARRIS and Judy Farris, Individually; and Kristine Marie Farris and Jodi Lynn Farris, Minors, by Dennis C. Farris, their Father and Next Friend, Plaintiffs-Appellees/Cross-Appellants,

v.

GENERAL GROWTH DEVELOPMENT CORPORATION,
Defendant-Appellant/Cross-Appellee.

No. 2–69437.

Court of Appeals of Iowa.

June 26, 1984.

James E. Walsh, Jr., and Timothy W. Hamann of Clark, Butler & Walsh, Waterloo, for defendant-appellant/cross-appellee.

Edward J. Gallagher, Jr., and Gregory Racette of Gallagher, Langlas & Gallagher, Waterloo, for the plaintiffs-appellees/cross-appellants.

Heard by OXBERGER, C.J., and HAYDEN, and SACKETT, JJ.

OXBERGER, Chief Judge.

The defendant appeals from judgment upon verdicts for the plaintiffs in this tort case arising from a construction accident. The defendant's numerous issues revolve around its contention that it, as an employer of the independent contractor, owed only

a very limited duty of care to the employee of an independent contractor. The defendant contends the trial court's instructions misstated in several ways the law relating to the duty owed by an employer to the employee of an independent contractor; it also contends the evidence was not sufficient to permit the jury to find that a duty existed or had been breached in this case. The plaintiffs respond that their evidence of substantial and detailed supervision of the work site by the defendant's employees removes this case from general rules about the limited duties of an employer toward employees of an independent contractor.

The plaintiffs have cross-appealed from the judgment, challenging the trial court's refusal to award statutory interest on that part of the award to which a workers' compensation insurer possessed a right of subrogation. We affirm on both appeals.

Dennis Farris was a carpenter employed by Gibson Enterprises, a general contracting firm. Gibson Enterprises had contracted with the defendant General Growth Development Corporation (GGDC) to build an apartment building. The apartment building was to be managed by GGDC and was situated on land owned by a related company, General Growth Properties.

During the construction of this apartment building, Dennis Farris was severely injured when he fell from the third floor deck before the walls had been erected. No guardrails, scaffolds, or other safety barriers were in place at the time of Farris's fall.

Farris received slightly over $100,000 in workmen's compensation payments from Gibson's insurer. In addition, he filed the present lawsuit against GGDC. (His wife and children were also plaintiffs, seeking damages for loss of consortium). Gibson's insurer filed a lien against any recovery had by Dennis Farris to the extent of the workmen's compensation benefits paid. A jury awarded Dennis Farris damages of $240,000 from GGDC; the jury also awarded Farris's wife $15,000 and his children $40,000.

■ The general rule is that an employer of an independent contractor is not vicariously liable for injuries arising out of the contractor's negligence. *Lunde v. Winnebago Industries, Inc.,* 299 N.W.2d 473, 475 (Iowa 1981). The explanation most commonly given for that rule is that since the employer has no power of control over the manner in which the work is to be done by the contractor, it is to be regarded as the contractor's own enterprise. Restatement (Second) of Torts § 409 comment b (1965). There are, however, exceptions to the rule. The issue here is whether there is an exception that applies in this case and whether Farris is within the class of persons who fall within the exception.

This is an action at law and our review is on assigned errors. Iowa R.App.P. 4.

## I. Instruction No. 11

■ Appellant, General Growth Development Corporation (GGDC), first contends that the trial court erred in instructing the jury that GGDC owed Farris the duty of providing him a safe place to work. The thrust of this contention is that a party must be in possession of the premises before any responsibility for providing a safe place for others can attach. Appellant argues that GGDC was not in possession of the premises, and that therefore this exception is inapplicable. We do not agree.

The exceptions to the independent contractor rule are contained in Restatement (Second) of Torts sections 410 through 429. Section 414 provides that:

[o]ne who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

Comment (b) to section 414 provides in pertinent part that:

[t]he rule stated in this Section is usually, though not exclusively, applicable when a principal contractor entrusts a part of the work to subcontractors, but

himself or through a foreman superintends the entire job. In such a situation, the principal contractor is subject to liability if he fails to prevent the subcontractors from doing even the details of the work in a way unreasonably dangerous to others...

The duty imposed upon GGDC, as general contractor, to exercise reasonable care to prevent injuries on the job site may be premised upon its possession and control of the premises.[1] We are of the opinion that GGDC was in possession of the premises. Restatement (Second) of Torts section 422 provides that normally an owner of property is liable for injuries caused to others by the unsafe condition of the property as long as he has possession of the land. However, comment (c) provides that an owner is not liable for injuries occurring while the land is turned over to a contractor since "[p]ossession usually is surrendered fully in the case of construction." The logical converse of this provision is that the general contractor acquires possession in such circumstances. This conclusion is further buttressed by *Lunde,* wherein the court held that an owner of property surrenders possession unless his involvement in overseeing the construction is "substantial." *Id.* at 479.

Normally when a general contractor has a supervisor on the site, it will be able to exercise control over the premises. Clearly this was the case here. GGDC's supervisor, Dick Cable, was in charge of coordinating all subcontractors and inspecting the work as it was completed on this job. Cable had a trailer on the job site and was present on the construction site daily. Farris's testimony indicated that Cable, on several occasions, directed Gibson's workers on what to do and how to do it. Farris stated that Cable would show Gibson's workers how to get ice off the rafters. Another worker, Owens, stated that he voiced his complaints to Cable about the safety of the job and the fact that there were no railings on the open-sided deck.

Wilkins, a carpenter on the job site, testified that on two occasions Cable directly instructed him. Another carpenter, Scoles, related that on one occasion Cable gave him direct work instructions. He further testified that he followed those instructions because he considered Cable to be the boss on this job. John Brandt, a carpenter for Gibson, testified that Cable gave him and other Gibson carpenters direct instructions on what to do, and also Cable would get involved because "[h]e had the final word."

Since GGDC was in possession of, and had control over the premises, the trial court did not err by instructing the jury that GGDC owed Farris a duty to provide a reasonably safe place to work.

## II. Instruction No. 10

■ GGDC asserts that the trial court erred by instructing the jury that GGDC had assumed safety responsibilities for Farris by contract and such assumed responsibility was nondelegable. The trial court instructed on such duties as a matter of law.

Iowa Uniform Civil Jury Instruction No. 25.8 states in part:

> where a person who engages the services of an independent contractor is under a duty to provide specified safeguards or precautions for the safety of others, he cannot escape responsibility by delegating it to an independent contractor, and a failure to perform such duty would constitute negligence, whether the duty is imposed by law or by contract.

Likewise, the court in *Giarratano v. Weitz Company,* 259 Iowa 1292, 147 N.W.2d 824 (Iowa 1967), stated that when a "[general contractor] assume[s] a duty under its contract with [the owner] for the safety of the workmen ... this responsibility cannot be delegated even though [the general contractor] had employed an independent contractor to do the actual work." *Id.* at 1305, 147 N.W.2d at 832. Therefore, if we find that GGDC assumed a duty under its con-

---

1. We note that GGDC was also bound by contract to provide specific safeguards for the safe- ty of others. This will be discussed in the following section.

tract with General Growth Properties (the owner) for the safety of the workmen, such responsibility cannot be delegated to Gibson. We find such to be the case.

In Article 5, subsection A under Requirements of Contractor, the contract between GGDC and General Growth Properties states in part: "[t]he contractor further shall comply with the provisions of the *Manual of Accident Prevention in Construction* of the Associated General Contractors of America." The manual contains a chapter on safety nets, when and where to use them, and what kind to use. Specifically, it states: "[s]afety nets should be installed when men are likely to fall." There is also a chapter entitled "Floor and Wall Openings." Within that chapter is the requirement that "any and all floor openings that exceed 12 inches or more in least dimension in area should be planked over or barricaded with substantial railing." GGDC further, in the request for admissions, agreed to take all reasonable precautions for the safety of its employees working on said construction job. GGDC even states in its brief that the aforementioned contract segment obviously does place an obligation on GGDC insofar as its agreement with the owner of the property.

■ The rule is well settled in Iowa that where a contract imposes a duty upon a person, the neglect of that duty is a tort, and an action ex delicto will lie. *Duke v. Clark*, 267 N.W.2d 63, 68 (Iowa 1978). It is clear that the contract between GGDC and General Growth Properties imposed a duty upon GGDC to provide reasonable precautions for employee safety. The tort sued upon however, is the neglect of a duty undertaken in a contract to which Farris was not a party. Nevertheless, we find that Farris was a member of a class for whose benefit the contract was made. The doctrine of third-party beneficiaries applies, and plaintiffs can maintain an action for GGDC's failure to perform its contractual duty. *Giarratano*, 259 Iowa at 1308–09, 147 N.W.2d at 833.

For the foregoing reasons, we find that Instruction No. 10, stating that GGDC owed a contractual duty to Farris for proper safety precautions and that such duty was nondelegable, was proper.

### III. Directed Verdict

■ GGDC alleges the trial court erred in not directing a verdict in favor of defendant and in not granting defendant's motion for judgment notwithstanding the verdict.

Defendant's arguments basically reiterate its previous allegations that the court's instructions concerning defendant's duty of care were erroneous. We have previously indicated that we have found sufficient evidence to support the duty on which the trial court instructed the jury. We need not reiterate that evidence now. Let it suffice to say we find the trial court's ruling on this issue to be proper.

Furthermore, we have reviewed the evidence in the light most favorable to Farris and find substantial evidence to support Farris's claim. *See Valadez v. City of Des Moines*, 324 N.W.2d 475, 477 (Iowa 1982).

### IV. Worker's Compensation

■ Defendant asserts that if GGDC is responsible for Farris's injury, it should be entitled to the benefits of the exclusive remedy provisions of the workmen's compensation law. This assertion is without merit.

■ Iowa Code section 85.20 provides that the rights and remedies provided under the workmen's compensation law are to be the exclusive rights and remedies against the injured employee's *employer*. The provisions of the workmen's compensation law are applicable only when a relationship of employer and employee exists between the injured claimant and defendant. In the present case, no such relationship existed between plaintiff Dennis Farris and GGDC. An independent contractor is not considered to be an employee of the general contractor under the workmen's compensation law, *see* Iowa Code § 85.-61(3)(b); neither is an employee of an independent contractor. *See Bashford v. Sla-*

*ter*, 252 Iowa 726, 731, 108 N.W.2d 474, 476 (Iowa 1961).

### V. Interest

█ Farris asserts in his cross-appeal that the trial court erred by denying him interest under Iowa Code section 535.3 for any amount of workmen's compensation payments paid to him. This argument is without merit.

█ When an insuror has paid compensation pursuant to chapter 85 of the Iowa Code under circumstances where the injured claimant may maintain an action against any person other than his employer, the insuror may recover from any judgment awarded the amount of the compensation paid *plus interest*. Iowa Code section 85.22(1) states in part:

> If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or his insurer which paid it, *shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest*, except for such attorney fees as may be allowed, by the district court, to the injured employee's or his personal representative's attorney, and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which he is liable.

(emphasis added).

At the time of trial, Gibson's insurance carrier had a workmen's compensation lien against any recovery which Dennis Farris might receive. Neither the lien nor its amount has ever been challenged by plaintiffs. When judgment was entered for plaintiff in the amount of $240,000, the insurance carrier was entitled to the amount of its lien. Farris, pursuant to section 535.3, is entitled to interest on the excess of $240,000 over the amount of the lien, but it is the insurance carrier who is entitled to the interest on the workmen's compensation amount. To permit statutory interest on the amount of the workmen's compensation lien to inure the plaintiff's benefit would permit him to recover interest twice on the same sums. Such a result will not be sanctioned by this court.

AFFIRMED.

All Judges concur except SACKETT, J., who dissents.

SACKETT, Judge (dissenting).

The trial court erred in not sustaining the defendant's, General Growth Development Corporation, motion for judgment notwithstanding the verdict.

1. *The trial court erred in instructing the jury that General Growth Development Corporation owed the plaintiff, Ferris, the duty of providing him a safe place to work.*

The facts here do not support an exception to the general rule that an employer of an independent contractor is not vicariously liable for injuries arising out of the contractor's negligence.

The majority finds that because Dick Cable had a company trailer on the construction site, was there on a daily basis and was in charge of coordinating all subcontractors and inspecting the work as it was completed, General Growth Development Corporation was in possession of and had control over the premises.

General Growth Development Corporation operated as a general contractor. It had one employee at the building site. It did not do any work on the project nor did they supervise any employees. There is no evidence to support a finding that General Growth Development Corporation exercised day-to-day control over the work. In *Clausen v. R.W. Gilbert Construction Co., Inc.*, 309 N.W.2d 462, 467 (Iowa 1981) (citing *Thrasher v. Gerken*, 309 N.W.2d 488, 489 (Iowa 1981)), a submission on a general contractor's duty to provide employees with a safe place to work was ordered where the general contractor contracted to build a porch addition and subcontracted with the injured party's employer to apply tar on a portion of the roof covering the addition. In *Clausen* the general contractor was the party actually constructing the roof from which the workman fell and was actually working on the project.

The court distinguished *Clausen* in *Thrasher v. Gerken,* 309 N.W.2d 488, 489 (Iowa 1981). In *Thrasher,* Hormel owned land which was turned over to a general contractor. The court rejected the argument that Hormel, in acting as its own architect and in having its own personnel on the premises at all times, remained in possession and exercised control over the project finding the evidence showed that Hormel's involvement was to make certain that the contract complied with contract specifications.

In deciding *Thrasher,* the court discussed their holding in *Lunde v. Winnebago Industries, Inc.,* 299 N.W.2d 473, 479 (Iowa 1980), where the injured party argued Winnebago, in effect, assumed the role of architect and therefore had the right of control on the project. In *Lunde* the court rejected the injured party's argument and said at page 479 "[T]he amount of an owner's involvement in overseeing the construction must be substantial in order to impose liability under a safe premises theory:

> [T]he control which an owner may exert in his general supervisory power over work done at his behest may be a broad general power of supervision without changing a relationship from employer-independent contractor to one of agency. The owner may retain a broad general power of supervision and control as to the results of the work so as to insure satisfactory performance of the independent contract—including the right to inspect, the right to stop the work, the right to make suggestions or recommendations as to details of the work, the right to prescribe alterations or deviations in the work,—without changing the relationship from that of owner and independent contractor or duties arising from that relationship."

*Id.*

There is no substantial evidence that would support a finding that General Growth Development Corporation assumed so much control or possession such as would abrogate the independent contractor rule.

2. *No contractual liability can be imposed upon General Growth Development Corporation.*

I further disagree with the majority's holding that General Growth Development Corporation had assumed safety responsibility by contract for Farris.

The majority rely on *Giarratano v. Weitz Company,* 259 Iowa 1292, 147 N.W.2d 824 (1967) for their position. What the majority opinion ignores is the factual distinction between the contracts in *Giarratano* and the case at bar.

In *Giarratano* the general contractor's contract with the owner provided "The contractor shall take *all necessary precautions for the safety of employees on the work....*" 259 Iowa at 1298, 147 N.W.2d 824, 828 (1967).

I fail to find any similar contractual language here and refuse to interrupt the very limited language of Article 5, subsection A, quoted by the majority from the contract involved in this litigation, to constitute an assumption by General Growth Development Corporation of the broad duty of safety for all workmen. Especially when to so abrogates the independent contractors.

I would reverse the trial court and remand with directions to sustain the defendant's motion for judgment notwithstanding the verdict.