David BRICHACEK, Appellant,

v.

Eugene HISKEY and Hiskey Apartments Co., Appellees.

No. 85–1502.

Supreme Court of Iowa.

Feb. 18, 1987.

Thomas M. Werner, Des Moines, for appellant.

Jack W. Rogers, Mark D. Aljets, and David Shinkle, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

Plaintiff tenant brought this action against defendant landlord seeking to recover the value of stolen property. The plaintiff alleged that his apartment was broken into and burglarized by an unknown person who forced the front door locks. The plaintiff alternatively alleged that his landlord was negligent in the installation and maintenance of the locks, and the conduct of the landlord constituted a breach of implied warranty of habitability inherent in the lease. Following a trial to the court, the court dismissed plaintiff's action. We affirm.

In January of 1984 David Brichacek leased an apartment from Eugene Hiskey, doing business as Hiskey Apartments Company. Brichacek admits that the lease did not make any provision regarding the installation of security devices such as locks and bolts on the doors. Neither the legal status of Hiskey Apartments Company nor its relationship to the lease is clear from the pleadings and record. Because of the outcome of this appeal, however, those factors are of no consequence. For simplicity, we shall refer to the defendants in the singular as defendant or landlord.

Plaintiff's complaints focus on the two door locks on the apartment door that led to a common hallway. The defendant, who purchased the building about fifteen years before the incident, stated that such apartment doors were secured by a standard door lock and that the lock in question had passed city apartment inspections. Both parties agree that the city housing code only requires one lock; however, the ordinance or regulation was not placed in the record. Consequently we do not know the contents of any city ordinance or regulation giving specifications as to the type and installation of locks, except that defendant concedes that a "workable lock" is required. The defendant further testified that some of the tenants desired dead bolt locks and even installed such locks themselves without his knowledge or requested that he install the dead bolts at their expense. Plaintiff stated that both the door handle lock and the dead bolt lock had been installed before he became a tenant.

At some time between the 3d and 5th of July, when plaintiff was out of town, burglars forced both locks and entered the apartment. Plaintiff's evidence suggests that the wooden door was chipped in the area of the bolt, allowing the access of a sharp instrument which was used to pry the bolt from the recess area. The entry through the door knob lock was simpler; it was kicked and broken in with force.

On appeal plaintiff generally challenges the trial court's rejection of his allegations that the landlord was negligent and also breached his implied warranty of habitability by failing to provide locks free from defects, which would safeguard plaintiff from potential criminal conduct. Before we address these general issues, we turn to an issue that we perceive arising from the trial court's ruling. In their arguments, both parties rely on certain findings of fact by the trial court. We believe they have inadvertently misinterpreted the trial court's ruling. We turn to this issue first, as it disposes of some of the contentions made by the parties in their general argument.

I. *Findings of Fact.* Our civil procedure directs a trial court hearing a case without a jury to make findings of fact and to state separately its conclusions of law. Iowa R.Civ.P. 179(a). One of the primary purposes of the rule is to advise the parties and the appellate court of the

bases of the trial court's decision so that the issues for appeal may be readily determined. *See Berger v. Amana Society*, 254 Iowa 1036, 1040, 120 N.W.2d 465, 467 (1963). Such findings and conclusions are subject to a motion to enlarge or amend. Iowa R.Civ.P. 179(b). When no motion to enlarge or amend was made, we assume as fact an unstated finding that is necessary to support the judgment. *Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983). The findings are broadly and liberally interpreted and when we are faced with ambiguity it is construed to uphold rather than to defeat the judgment. *Id.* With these principles in mind, we examine the trial court judgment.

In its ruling the trial court entitled one portion of its ruling "Findings of Fact" and the remainder "Conclusions." Under the first designation the trial court merely reviewed the testimony of the witnesses and parties without expressing its own findings of fact. Under the portion of the opinion designated "Conclusions" the court summed up the issues and the evidence generally, discussed applicable legal theories and in the last paragraph stated as follows:

> It is therefore the conclusion of the Court that the plaintiff has failed to prove by a preponderance of the evidence any negligence on the part of the landlord or any duty or breach of warranty of habitability on the part of the landlord as alleged by the plaintiff in this particular case....

The court went on to dismiss the action without further comment. Plaintiff did not move to enlarge or amend the findings or conclusions pursuant to Rule 179(b). We believe that the quoted portion of the trial court's conclusions constituted its ultimate finding of fact. While we do not approve of the form of the opinion and believe that it was subject to motion, we interpret the findings broadly and liberally and construe ambiguities to support the judgment. We do not construe the summary of witnesses' testimony to be findings of fact.

II. *Dismissal of the Action.* Plaintiff casts his petition in two divisions. In division one he sets forth multiple allegations of negligence; however, on appeal he centers his complaint on a violation of Iowa Code section 562A.15(1) (1983). This section requires that a landlord "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." *Id.* § 562A.15(1)(b). In division two, plaintiff repleads division one and further claims defendant's acts and conduct were negligent, and constitute "a breach of implied warranty of habitability."

Our examination of the nature of plaintiff's petition causes us to believe that both divisions are actions in tort alleging negligence. We have recognized that a tort action may be grounded on the violation of implied warranty of habitability because "the neglect of a duty imposed by contract is a tort for which an action *ex delicto* will lie." *Duke v. Clark*, 267 N.W.2d 63, 68 (Iowa 1978). Furthermore, all plaintiff's claims in the second division are centered on his allegation of negligent acts by the defendant landlord constituting a breach of implied warranty of habitability inherent in the lease.

We have recognized that a landlord of residential property impliedly warrants the habitability of the premises, and a violation of this duty gives the tenant several remedies, including damages.

> [T]he breach of warranty must be of such substantial nature as to render the premises unsafe or unsanitary, and thus unfit for habitation. This will usually be a fact question to be determined by the circumstances of each case.

> . . . . .

> One such circumstance would be whether the alleged defect violated housing laws, regulations or ordinances.

*Mease v. Fox*, 200 N.W.2d 791, 796 (Iowa 1972) (citation omitted). Further, in 1978 the legislature enacted the Uniform Residential Landlord and Tenant Law, Iowa Code chapter 562A, requiring a landlord to "keep the premises in a fit and habitable condition." Iowa Code § 562A.15(1)(b). Our next inquiry is whether requiring front door locks falls within the duty of an apart-

ment landlord to keep the premises fit and habitable.

On the record of this case we believe that a landlord is under a duty to provide a front door lock as a part of his overall duty of providing habitable quarters. As noted above, the defendant concedes that the Des Moines housing code requires a "workable lock." We indicated in *Mease* that a violation of the housing code was a circumstance in determining habitability. 200 N.W.2d at 796. Furthermore, the obvious purpose of this regulation was to protect the tenant against harm from intruders. The court may adopt the regulation as a standard of conduct in determining negligence when the injured party is a member of the class of persons likely to be exposed to the kind of harm the regulation was intended to prevent. *Koll v. Manatt's Transp. Co.*, 253 N.W.2d 265, 270 (Iowa 1977); Restatement (Second) of Torts § 286 (1965).

The issue here does not concern the furnishing of a door lock; rather it centers on the adequacy of the locks furnished. It is undisputed that there were two locks on the door which prevented entrance except when illegal means were used. The city regulation that requires a "lock" is of little aid in setting a rule of conduct. Plaintiff's witness, a locksmith, suggested the regulation required a "solid locking device," and defendant alluded to a "workable lock." At most, as far as the record shows, the regulation provides a vague standard requiring particularization by the trial court, acting as both a factfinder and an interpreter of the legal principles, in determining the issue of negligence. With this uncertainty and in the absence of specific legislative guidance, the trial court would have to turn to prior judicial decisions or apply general negligence principles. Restatement (Second) of Torts § 285 comments f, g (1965). We find no case law in our jurisdiction setting a standard for a landlord's duty concerning the adequacy of door locks.

The adequacy of the lock thus must be judged by whether the landlord acted as would a reasonably careful person under

like circumstances. Restatement (Second) of Torts § 285 comment d (1965). The standard of reasonable care varies with the circumstances present in the individual case. The landlord is not an insurer against every conceivable act of a third party and his responsibility is limited to providing reasonable security against theft under the circumstances shown by the record. *See Kline v. 1500 Massachusetts Ave. Apartment Co.*, 439 F.2d 477, 481 (D.C.Cir.1970). Whether conduct is reasonable is usually a fact question rather than a question of law. *Duke*, 267 N.W.2d at 65; *Johnson v. Svoboda*, 260 N.W.2d 530, 535 (Iowa 1977).

In a matter tried to the court, the court's findings of fact have the force of a jury verdict and we view the evidence in the light most favorable to those findings. If the findings are supported by substantial evidence, we are bound by them. Iowa R.App.P. 14(f)(1). The findings are broadly and liberally interpreted and in the case of ambiguity are construed to uphold the judgment. *Murray v. Conrad*, 346 N.W.2d 814, 817 (Iowa 1984).

The evidence in this case showed a dispute as to the reasonableness of defendant's actions concerning the front door lock at the time of and during the term of the lease. Plaintiff presented evidence that the door jamb did not have a deep enough recess to accept the dead bolt, which made the lock less effective against break-ins. In the form of expert testimony, plaintiff presented evidence that the back latch of the door handle lock was a "drive-in latch" rather than a "mortise latch." Because the front door was wooden, this type latch was more susceptible to a break-in. However, plaintiff's own evidence indicated that the door "had been kicked in with some force." Plaintiff's expert conceded that even with a "mortise latch" the burglar would have been able to gain entrance, albeit with a considerable amount of force and noise.

The defendant, on the other hand, stated that the locks passed the city housing department routine inspections, and that he had followed the city requirements of having a functional lock. Defendant main-

tained that he had received no complaints from the inspectors or from the plaintiff concerning the lock. We also find it noteworthy that there was no evidence presented as to the accessibility of the hallway to the public, or whether previous break-ins or other crimes had been committed in the building or in the immediate area.

Faced with the record made before it, the trial court held that plaintiff had not established negligence or breach of warranty of habitability. Substantial evidence supports these findings.

 The trial court also held that, even if defendant had breached a duty, he could not have been held liable for plaintiff's injury because the criminal act of a third party was a superseding cause of the harm. We cannot agree that this is true as a matter of law; such a determination must be made on the particular facts of each individual case. We believe that the Restatement (Second) of Torts section 448 (1965) correctly sets forth the rule when it states:

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

If the landlord had violated his duty to provide a lock on the door, he might have been held liable if he could or should have realized that a break-in could occur. Thus, a break-in is not necessarily a superseding cause that would cut off liability.

Because plaintiff failed to meet his burden of proving negligence and breach of implied warranty of habitability, however, the trial court need not have reached the issue of proximate cause of the injury. We therefore affirm the judgment of the trial court on the grounds of failure to show negligence and breach of implied warranty of habitability.

AFFIRMED.