**Paul ROBINSON and Dana Robinson, Appellants,**

v.

**POURED WALLS OF IOWA, INC., Appellee,**

and

**Jack Spaw, Defendant.**

**No. 95–285.**

Supreme Court of Iowa.

Sept. 18, 1996.

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellants.

Scott E. McLeod and Thomas D. Wolle of Lynch, Dallas, Smith & Harman, P.C., Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

Plaintiff Paul Robinson was injured while performing excavation work to repair a clogged sewer pipe. The pipe had been installed by defendant Poured Walls of Iowa, Inc., when it performed foundation work on a new home for Bob Wetherell. When the sewer line malfunctioned, Wetherell called Poured Walls to fix the problem. Poured Walls hired Jack Spaw, an independent contractor specializing in excavations, to perform the work. Plaintiff Robinson worked for Spaw.

The repair involved excavating approximately eight to ten feet down to the sewer

line, breaking the pipe, and flushing the line with a power jetter. Much of the excavation was accomplished with a back hoe operated by Spaw, but Robinson and another laborer also assisted with shovels. While Robinson was in the trench attempting to locate the pipe, a large clod of dirt rolled off the un-shored wall of the excavation, injuring him.

Robinson sued his employer, Spaw, for gross negligence. He also brought this action against Poured Walls, claiming (1) the contractor owed him a duty under Restate-ment (Second) of Torts section 343 (1965) to provide a safe work place, and (2) the excava-tion constituted a peculiarly dangerous risk preventing Poured Walls from avoiding liabil-ity under Restatement (Second) of Torts sec-tions 413 and 427.

Following discovery, both defendants moved for summary judgment. The district court ruled, and Robinson now concedes, that his exclusive remedy against Spaw was for workers' compensation in accordance with Iowa Code section 85.20 (1995). No appeal from that ruling has been pursued. The appeal before us concerns the court's judg-ment for Poured Walls on Robinson's other theories.

Robinson claims on appeal that the district court erred in two respects: (1) in finding, as a matter of law, that Poured Walls was not a possessor of land as defined by section 343 of the Restatement; and (2) in ruling, as a matter of law, that the residential excavation work performed here does not constitute a "peculiar risk." Finding no error, we affirm.

■ I. In reviewing the propriety of a summary judgment motion, this court re-views the record in a light most favorable to the resisting party. *Downs v. A & H Constr., Ltd.*, 481 N.W.2d 520, 522 (Iowa 1992). Summary judgment is appropriate only when the record discloses that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.;* Iowa R.Civ.P. 237. Al-though claims of negligence are seldom capa-ble of summary adjudication, the threshold determination of whether the defendant owes the plaintiff a duty of care is always a legal question for the court. *Downs,* 481 N.W.2d at 522.

II. We begin our analysis with the gener-al rule of contractor nonliability:

The general rule is that an employer of an independent contractor is not vicarious-ly liable for injuries arising out of the contractor's negligence. Although various reasons have been suggested as the basis for this rule, the commonly-accepted rea-soning is the lack of control by the employ-er over the details of the contractor's work.

*Lunde v. Winnebago Indus., Inc.*, 299 N.W.2d 473, 475 (Iowa 1980) (citing W. Pros-ser, *Handbook of the Law of Torts* § 71, at 468 (4th ed. 1971)); *see* Restatement's (Sec-ond) of Torts § 409.

■ Two exceptions to the rule form the basis of Robinson's cause of action and his appeal. First, "[a] *possessor* of land is sub-ject to liability for physical harm caused to his *invitees*." Restatement (Second) of Torts § 343 (emphasis added). We note in this context that "possessor" is identified largely by the amount of control exercised over the property in question. *Downs,* 481 N.W.2d at 524. Second, an employer of an independent contractor retains liability for injuries result-ing from work which the employer recognizes is likely to create a "peculiar unreasonable risk of physical harm to others unless special precautions are taken ...," Restatement (Second) of Torts § 413, or which involves a "special danger ... inherent in or normal to the work." Restatement (Second) of Torts § 427. The question is whether either ex-ception applies to the material and undisput-ed facts in the record before us.

A. *Possession/Control.*

■ This court has consistently held that an employee of a subcontractor is a business invitee. *Downs,* 481 N.W.2d at 524; *Konicek v. Loomis Bros., Inc.*, 457 N.W.2d 614, 618 (Iowa 1990). Thus Robinson could claim the duty owed him by this status, but only if he were able to prove Poured Walls was a possessor of land. As already noted, that determination "depends primarily upon the amount of control that a particular per-son exercises over the property." *Downs,* 481 N.W.2d at 524. The possessor's "in-volvement in overseeing the construction

must be substantial in order to impose liability under a safe-premises theory." *Lunde*, 299 N.W.2d at 479. Thus although the possessor-of-land exception is defined by control over the *land*, courts make this determination by looking at the degree of control exercised over the *work*.

Robinson contends that Bob Wetherell relinquished possession of his property to Poured Walls for purposes of the sewer line repair, and that Poured Walls thereafter retained substantial control over the excavation work. Neither assertion finds any support whatsoever in this record. Wetherell, the owner of the property, contacted Poured Walls about the sewer backup only because the company had recently installed the line. The record reveals that Poured Walls is not in the business of performing excavations to repair sewer lines so it hired Jack Spaw to do the job. It is undisputed that, with the exception of one piece of pipe purchased by a Poured Walls employee, Jack Spaw provided all the labor and equipment to do the work. By his own testimony, Spaw was in charge of the job site, controlling and directing the work. None of the laborers, including Robinson, testified otherwise.

Clearly Poured Walls' limited involvement in hiring the subcontractor and checking on the project's progress is insufficient as a matter of law to create liability as a possessor of land under this court's prior interpretations of section 343 of the Restatement. *Downs*, 481 N.W.2d at 524–25 (general contractor, who owned property developed for show home and regularly inspected progress of subcontractor's work, exercised insufficient control over premises to be held liable under Restatement sections 343 or 414 for injury sustained by carpenter); *Lunde*, 299 N.W.2d at 479 (premises owner not liable as possessor of land where occupation and control of property relinquished to independent contractor during construction period); *Thrasher v. Gerken*, 309 N.W.2d 488, 489 (Iowa 1981) (no liability as possessor of land where employer's only involvement was to insure construction complied with contract specifications). Only where the record reveals substantial control over the premises has liability been imposed. *See, e.g., Ste-*

*phens v. Crown Equip. Corp.*, 22 F.3d 832, 835–36 (8th Cir.1994) (applying Iowa law) (control retained where employer gave independent contractor's employees detailed instructions through use of "pick cards," had nearly exclusive control over equipment used, and contractually reserved right to control scope of work); *Giarratano v. Weitz Co.*, 259 Iowa 1292, 1305, 147 N.W.2d 824, 830–31 (1967) (control retained where general contractor assumed responsibility for safety aspects of entire job); *Farris v. General Growth Dev. Corp.*, 354 N.W.2d 251, 254 (Iowa App.1984) (general contractor exercised control over job site through general supervision, inspection, and direction of work). The district court was correct in so ruling.

### B. *Danger.*

■ Robinson also contends that Poured Walls owed him a duty of care under Restatement sections 413 and 427 because the excavation work involved a peculiar risk and inherent danger. These sections provide:

§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor

One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

(b) fails to exercise reasonable care to provide some other manner for the taking of such precautions.

§ 427. Negligence as to Danger Inherent in the Work

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by

the contractor's failure to take reasonable precautions against such danger.

These sections create exceptions to the general rule of nonliability under section 409. *Downs,* 481 N.W.2d at 526. The duties described are owed by a general contractor to the employees of an independent contractor. *Id.* (citing *Giarratano,* 259 Iowa at 1308, 147 N.W.2d at 834).[1]

In determining what type of work involves a "peculiar risk," the inquiry is "whether the risks incurred inhered in the nature of the work itself, or from collateral acts of negligence." *Lunde,* 299 N.W.2d at 477–78. Risk is inherent when the project is "conspicuously, exceptionally, unusually dangerous ... with the mention or sight of such work immediately causing the reaction 'DANGER!.'" *Id.* at 478. Danger is *not* inherent "unless it attends the normal and usual method of doing the work." *Porter v. Iowa Power & Light Co.,* 217 N.W.2d 221, 233 (Iowa 1974). Stated alternatively, the peculiar risk doctrine

> is not concerned with the taking of routine precautions, of a kind which any careful contractor could reasonably be expected to take, against all of the ordinary and customary dangers which may arise in the course of the contemplated work.

Restatement (Second) of Torts § 413 cmt. b. Instead it concerns "special risks" constituting a danger to those in the vicinity and calling for special precautions. *Id.*

In *Giarratano,* where a young worker fell to his death from a roof eighty feet high, we recognized the duty owed by the employer of an independent contractor in situations where the work is likely to create a particular risk of physical harm unless special precautions are taken. *Giarratano,* 259 Iowa at 1308, 147 N.W.2d at 834. Since then, numerous construction cases have been presented to us on that theory, but all have involved ordinary risks. *See Downs,* 481 N.W.2d at 526 (scaffolding at residential site); *Thrasher,* 309 N.W.2d at 488–89 (roofing work on commercial building); *Clausen v. R.W. Gilbert Constr. Co.,* 309 N.W.2d 462, 466–67

(Iowa 1981) (residential roofing work); *Lunde,* 299 N.W.2d at 478–79 (scaffolding at twenty-five feet); *Porter,* 217 N.W.2d at 232–33 (paving work using crane).

We have not previously considered whether excavation work presents a peculiar risk or inherent danger. In reaching its conclusion that it does not, the district court relied on a North Dakota case where a sewer trench caved in and killed a construction worker. *Peterson v. City of Golden Valley,* 308 N.W.2d 550 (N.D.1981). There the North Dakota Supreme Court found

> the risk to Peterson was not inherent in or peculiar to the typical excavation of a trench but arises out of the failure to use proper protective practices. This type of excavation, when done with standard precautions, presents no extraordinary risks of caving in.

*Id.* at 554. We think the North Dakota court's view is consistent with our well-established general rule that ordinary building projects are not covered by the peculiar-risk doctrine. *Thrasher,* 309 N.W.2d at 490; *Lunde,* 299 N.W.2d at 477. Nothing in the record before us suggests that this sewer line repair project presented hazards that could not have been minimized by the exercise of ordinary caution. As Robinson's expert testified, Spaw's failure to shore the vertical wall likely created the condition that allowed the clod of dirt to roll onto Robinson while he was in the ditch. *Cf. Hernandez v. Midwest Gas Co.,* 523 N.W.2d 300, 305 (Iowa App. 1994) (finding risks involved in cutting and capping a gas line arose not from the nature of the work, but the manner in which the work was done).

There is no dispute that certain tasks, such as working in excavated trenches, involve risk of injury, or even death. But to invoke the remedies of Restatement section 416, the task must be fraught with danger. *Lunde,* 299 N.W.2d at 478. According to Robinson's own deposition testimony, when he was assigned to go into the excavation to relieve another worker, he voiced no concern. When asked in deposition if, while in the ditch, anything "immediately caused a light

---

1. We note that while this rule is well established in Iowa, it is not the majority view. *See Fleck v.* *ANG Coal Gasification Co.,* 522 N.W.2d 445, 450 (N.D.1994) (citing cases).

to go on in your head of danger of any kind," Robinson's coworkers uniformly testified "no." Given this record, Poured Walls was entitled to judgment as a matter of law.

**AFFIRMED.**