Rockingham
No. 94-845

### FEDERAL NATIONAL MORTGAGE ASSOCIATION

v.

### TOWN OF FREMONT

July 2, 1996

*McDowell & Mekeel, P.A.*, of Manchester (*Edward C. Dial, Jr.* on the brief and orally), for the plaintiff.

*Casassa and Ryan*, of Hampton (*John J. Ryan* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, the Town of Fremont (town), appeals the Superior Court (*Perkins*, J.) denial of its motion to release escrow funds from the sale of property it acquired by tax deed on which the plaintiff, Federal National Mortgage Association (FNMA), held a mortgage. We affirm.

The parties stipulated to the following facts. On February 14, 1991, the town acquired a tax lien on the property at issue for failure to pay the 1990 taxes. The lien was duly recorded at the Rockingham County Registry of Deeds, and both the record owner and mortgagee, Commonwealth Mortgage Company (Commonwealth), were notified of the lien by registered mail. *See* RSA 80:60, :65 (1991). On December 30, 1992, because the taxes remained unpaid, the town tax collector notified the record owner, in writing, that the town would issue a tax deed to itself if the taxes were not discharged by February 14, 1993. *See* RSA 80:77 (1991). The town's attempt to provide similar notice to Commonwealth by letter dated January 11, 1993, was unsuccessful. The letter was returned undelivered because Commonwealth had moved its offices, filed for bankruptcy, and did not have a current address on file with the postal service. At the time the town made its unsuccessful effort to provide notice to Commonwealth, it was unaware that Commonwealth had earlier assigned its interest in the mortgage to FNMA. FNMA did not record the assignment until February 12, 1993.

By February 14, 1993, the 1990 taxes on the property remained unpaid, but no tax deed issued on that date. In early March 1993, the town tax collector became aware for the first time through a routine general title search of tax lien properties performed for the town that FNMA was the holder of the Commonwealth mortgage by assignment. The town took no steps to notify FNMA of the impending tax deed it intended to issue. It did, however, send a notice to FNMA in March 1993 advising that the town was asserting a tax lien on the property for failure to pay the 1993 taxes. On April 16, 1993, the tax collector issued and recorded a tax deed in the town's favor.

In June 1993, FNMA filed a petition for declaratory judgment seeking a determination of the parties' respective rights in the property. Shortly thereafter, the town and FNMA agreed to sell the property and place the proceeds of the sale in escrow pending our decision in *First NH Bank v. Town of Windham*, 138 N.H. 319, 639 A.2d 1089 (1994). After *First NH Bank* was decided, however, the town and FNMA disagreed about its effect on their dispute. On July 20, 1994, the town filed a motion to release escrow funds. Ruling that the undelivered notice to Commonwealth failed to "satisfy the third prong of the *First NH Bank* standard" and that "the Town failed to provide FNMA with all the notice due process requires," the trial court denied the motion. This appeal followed.

The town argues that the trial court erred in ruling that the notices to both Commonwealth and FNMA were defective under *First NH Bank*. Because *First NH Bank* required the town to notify FNMA of the impending tax deed, we need not reach the town's argument concerning the notice to Commonwealth.

"We sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Public Serv. Co. of N.H. v. Town of Bow*, 139 N.H. 105, 107, 649 A.2d 65, 66 (1994) (quotation omitted).

■ The town contends that the equity of redemption period expired on February 14, 1993, that it gave timely and adequate notice to Commonwealth, and that it did not learn about FNMA's mortgage interest until the following month. The town erroneously concludes that because it was entitled to issue a tax deed on February 14, 1993, it was free to ignore after-acquired information about FNMA's recorded assignment.

In *First NH Bank*, we held that a *known* mortgagee is entitled to actual notice of a tax deeding. *First NH Bank*, 138 N.H. at 327, 639 A.2d at 1094. Contrary to the town's position, RSA 80:76 (1991), which authorizes the tax collector to execute a tax deed "after 2

years from the execution of the real estate tax lien," is not dispositive of the notice requirements articulated in *First NH Bank*. Under the law, FNMA was entitled to pay the delinquent taxes on the property "any time before a deed thereof [was] given by the collector." RSA 80:69 (Supp. 1995). Hence the redemption period effectively continued until the town recorded its tax deed on April 16, 1993.

That the town fortuitously discovered FNMA's recorded assignment after February 14, 1993, did not relieve it of its legal obligation to provide notice to a known mortgagee of an impending tax deed. The statutory tax lien procedure at that time did not impose an obligation on the town to conduct a title search at or near the date it issued a tax deed, *cf. White v. Lee*, 124 N.H. 69, 76, 470 A.2d 849, 853 (1983), and, in fact, imposed no duty to search record title other than in conjunction with the actual tax lien notice. *Compare* RSA 80:65 (Supp. 1995) *with* RSA 80:77; *but cf.* RSA 80:77-a (Supp. 1995) (effective Jan. 1, 1996) (requiring title search for mortgages recorded at least thirty days prior to notice of tax deeding). Once the revealing search was conducted in March 1993, however, the town was then required to "provide the [mortgagee] all the notice required by the due process requirements of the New Hampshire Constitution." *First NH Bank*, 138 N.H. at 328, 639 A.2d at 1095.

*Affirmed.*

All concurred.