Merrimack
No. 95-873

## The Dime Savings Bank of New York, FSB

### v.

### Town of Pembroke

August 6, 1997

*Sheehan, Phinney, Bass & Green, P.A.*, of Manchester (*Douglas G. Verge* and *Thomas M. Closson* on the brief, and *Mr. Verge* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Barton L. Mayer* on the brief and orally), for the defendant.

THAYER, J. The plaintiff, Dime Savings Bank of New York, FSB (bank), appeals an order of the Superior Court (*Manias, J.*) denying the bank's petition to invalidate tax deeds issued to the defendant, Town of Pembroke (town). On appeal, the bank argues: (1) the town failed to adequately notify the bank of the tax deedings; (2) the town failed to justly compensate the bank after the town deeded to itself the subject properties; and (3) the trial court abused its discretion in awarding the town attorney's fees. We reverse and remand.

The bank held first mortgages on two parcels of property located in Pembroke. In June 1990, the town mailed notices to the bank stating that it had executed tax liens on the subject properties for nonpayment of 1989 taxes. *See* RSA 80:65 (1991) (amended 1991). Two years after the attachment of the tax liens, the taxes remained unpaid.

On or about March 17, 1992, the town mailed notices via certified mail, return receipt requested, to the record owners, indicating that the town intended to execute tax deeds to itself on April 27, 1992. Photocopies of the notices were sent to the bank at the address listed on the mortgage documents at the Merrimack County Registry of Deeds. The bank denies receipt of the town's mailed notice of the tax deedings.

On April 23, 1992, four days before the scheduled deedings, the town tax collector telephoned the bank's New Hampshire attorneys regarding the impending tax deedings. The message was relayed to the bank. The taxes remained unpaid, and six days later, the town executed tax lien deedings on the subject properties. The town auctioned the properties, but the sales were never consummated. The town was unable to convey marketable title as a result of the pending litigation.

The bank filed a petition to set aside the town's deedings of the subject properties claiming, *inter alia*, that it did not receive adequate notice of the impending tax lien deedings. The bank subsequently amended its petition to claim that the town's tax lien deedings constituted takings without just compensation. Following a hearing on the merits based on agreed facts and arguments of counsel, the superior court granted judgment in favor of the town and awarded the town attorney's fees. The bank timely moved for reconsideration, and the court denied the same. This appeal followed.

■ The first issue is whether the bank received adequate notice of the tax deedings as a matter of due process under the State and Federal Constitutions. We begin by analyzing the plaintiff's claim under part I, article 15 of the New Hampshire Constitution, referring to cases interpreting the fourteenth amendment of the Federal Constitution only to aid in our analysis. *See First NH Bank v. Town of Windham*, 138 N.H. 319, 325, 639 A.2d 1089, 1093 (1994).

The bank argues that the notices of the tax deedings were constitutionally inadequate because: (1) the bank never received the written notices of the tax lien deedings; (2) the notices did not contain a warning that the mortgages would be eradicated by the tax lien deedings if the properties were not redeemed; (3) the notices did not expressly state the expiration dates of the right of redemption; and (4) the inadequate notices were not cured by a telephone call made to the bank's attorneys four days before the scheduled tax lien deedings. In addition, the bank argues that the notices were constitutionally inadequate because they were not sent

by certified mail, return receipt requested as RSA 80:77 (1991) required for similarly situated owners. We begin with the bank's contention that the notices did not contain a warning that the mortgages would be eradicated by the tax deedings.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), the United States Supreme Court set forth a general standard for notice:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance.

(Citations omitted.) Relying on *Mullane*, the Supreme Court subsequently held: "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983). The Court explained: "Ultimately, the tax sale may result in the complete nullification of the mortgagee's interest, since the purchaser acquires title free of all liens and other encumbrances at the conclusion of the redemption period." *Id.*

In *First NH Bank*, a majority of this court held that under part I, article 15 of the New Hampshire Constitution, a known mortgagee is entitled to actual notice of a tax deeding. *First NH Bank*, 138 N.H. at 327, 639 A.2d at 1094; *see Federal Nat'l Mortgage Assoc. v. Town of Fremont*, 141 N.H. 156, 157, 679 A.2d 585, 586 (1996). The court reasoned that "the execution of a tax deed ha[s] much greater significance to interested parties than does the occurrence of a tax sale," because the holder of a tax deed "acquir[es] the property free and clear of all other interests." *First NH Bank*, 138 N.H. at 327, 639 A.2d at 1094-95.

In this case, the trial court ruled that the bank conceded at the hearing that it had received notice of the tax deedings. The bank contends it never made that concession. Even assuming that the bank received notice of the tax deedings, we must determine whether the notice was "of such nature as reasonably to convey the required information." *Mullane*, 339 U.S. at 314. We hold it was not.

Under part I, article 15 of the New Hampshire Constitution, notice of a tax deeding to a mortgagee must include: "the issue date

of the tax lien deeds; the expiration date of the right of redemption; and a warning that the mortgage will be eradicated by the tax lien deed if the property is not redeemed." *First NH Bank*, 138 N.H. at 327-28, 639 A.2d at 1095. In this case, photocopies of the notices sent to the record owners of the properties were sent to the bank. Each stated:

> In accordance with RSA 80:38-A you are hereby notified of the impending deeding of your real estate, Map-[ ], Lot-[ ], Plot-[ ], which lien was placed at the tax lien held on April 25, 1990.

> Unless full redemption is made in the amount of $[ ] which includes interest at 18% per annum upon the tax due from the time of the lien, to the time of payment together with redemption costs incurred (RSA 80:32) the tax collector shall execute a deed to the town on April 27, 1992.

The photocopied notices do not contain "a warning that the mortgage will be eradicated by the tax lien deed if the property is not redeemed," *id.*, and therefore, the notices were not "of such nature as reasonably to convey the required information," *Mullane*, 339 U.S. at 314.

The town, quoting the superior court, argues that a reasonable inference to be drawn from the facts is that "a $500 million dollar . . . Bank operating in every state" would understand the significance of the notices. As the Supreme Court in *Mennonite* explained, however, notice is "a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice." *Mennonite*, 462 U.S. at 800 (emphasis in original). We conclude that the warning required by *First NH Bank* is fundamental to protect even a "sophisticated" mortgagee's interest. *See First NH Bank*, 138 N.H. at 327-28, 639 A.2d at 1095.

It is unnecessary for us to address the bank's remaining arguments because the absence of a warning that the tax deedings would eradicate the mortgages is dispositive of the case. We also need not address whether a telephone call can serve as the method for providing the notice required by *First NH Bank* because the record in this case does not indicate that the telephone call to the bank's attorneys conveyed the required information. In light of our decision in favor of the bank, the superior court's award of attorney's fees to the town is vacated. Accordingly, the town owns the property subject to the bank's mortgages. *See First NH Bank*,

138 N.H. at 324, 639 A.2d at 1092. We reverse the judgment of the superior court and remand for proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, J., did not sit; the others concurred.