Bernadine KRAGEL and Paul Kragel, Jr., Appellants,

v.

WAL–MART STORES, INC., Appellee.

WAL–MART STORES, INC., Third–Party Plaintiff/Cross Appellee,

v.

James LAUBSCHER d/b/a Laubscher Roofing Co., a/k/a Laubscher Roofing Service, Third–Party Defendant/Cross Appellant.

James LAUBSCHER d/b/a Laubscher Roofing Co., a/k/a Laubscher Roofing Service, Fourth–Party Plaintiff/Cross Appellant,

v.

Dennis LOBAUGH d/b/a Loby's Auto & Sandblasting, Fourth–Party Defendant/Cross Appellant.

No. 94–705.

Supreme Court of Iowa.

Sept. 20, 1995.

Reed H. Reitz of Reimer, Lohman & Reitz, Denison, for appellants.

John D. Ackerman and Marvin Heidman of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee/cross appellee Wal–Mart.

D.R. Franck and Michael R. Mundt of Franck, Mundt & Franck, Denison, for cross appellant Laubscher.

Warren L. Bush, Wall Lake, for cross appellant Lobaugh.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

In this slip and fall case, the plaintiff sued only the owner of the premises where she fell. Her husband joined in the lawsuit for loss of consortium. The owner cross-petitioned for contribution against an independent contractor whom the owner had hired to clear the premises of snow. The independent contractor in turn cross-petitioned against a subcontractor whom he hired to do the actual plowing. The owner then cross-petitioned for contribution against the subcontractor.

The jury returned a verdict finding that the owner was not at fault. Because the court would not allow the jury to assign fault against the contractor and subcontractor in the plaintiffs' action, the jury also assigned no fault to them.

The plaintiffs appealed, raising issues as to their requested jury instructions which the district court refused to give. The independent contractor cross-appealed, claiming error in an instruction the court did give. The subcontractor also cross-appealed but he did nothing more than adopt the owner's brief.

We reverse and remand for a new trial as to the appeal. We affirm on the cross-appeal.

### I. Background Facts.

In September 1991, Wal–Mart Stores, Inc. contracted with James Laubscher to remove snow accumulations from the parking lot of its new Denison store down "to the asphalt." Brad Schaffner, the store manager, negotiated the contract. Unknown to Wal–Mart, Laubscher had subcontracted with Dennis Lobaugh to do this work whenever Laubscher was out of town.

A snowstorm hit Denison on October 31. The Wal–Mart store opened for business November 2. Two days later Bernadine Kragel slipped and fell on an accumulation of packed snow and ice on the store's parking lot. She sustained a fractured hip, fractured left elbow, and other injuries because of her fall.

Laubscher was out of town between October 31 and the date Bernadine fell. Lobaugh attempted to clear the parking lot of snow on the evening of October 31. Lobaugh was unable to clear the parking lot of the snow because the snow was too slushy and he had mechanical difficulties with his pickup. During the night the temperature dropped, causing the remaining slush and snow to freeze.

The next morning, Lobaugh returned to finish the job but was unable to remove this layer of ice and snow.

Schaffner was aware of Lobaugh's efforts the evening of October 31 but did not know Laubscher had subcontracted the plow work to Lobaugh. The next morning when Schaffner arrived at work, he noticed the job had not been completed. Schaffner tried to contact Laubscher but was not successful because Laubscher was still out of town.

Schaffner then hired another party who had an end-loader to complete the job. On the morning of November 2, this party—using the end-loader—was able to remove all but one to two inches of packed snow. Schaffner also enlisted the help of the city, whose snow removal crew spread sand containing a melting agent on the lot three times per day on November 2, 3, and 4.

After Bernadine fell, Laubscher revealed his arrangement with Lobaugh to Schaffner. Schaffner terminated Wal–Mart's contract with Laubscher.

## II. *Background Proceedings.*

Bernadine filed a negligence action against Wal–Mart. Paul Jr., her husband, joined in her action with a loss of consortium claim.

Wal–Mart cross-petitioned against Laubscher, seeking contribution. Laubscher in turn cross-petitioned against Lobaugh, also seeking contribution. Wal–Mart then cross-claimed against Lobaugh for contribution and moved for summary judgment against the Kragels. The district court denied the motion and the case proceeded to a jury trial.

In answers to special interrogatories, the jury found that Wal–Mart was not at fault. The Kragels appealed. Laubscher and Lobaugh cross-appealed.

## III. *Scope of Review.*

■ The issues in this appeal all relate to alleged district court error regarding jury instructions. Our review of jury instruction challenges is for legal error. Iowa R.App.P. 4; *State v. Massick*, 511 N.W.2d 384, 386 (Iowa 1994).

## IV. *Issues in the Appeal.*

As to the jury instructions, the Kragels think the district court erred in two respects. First, the Kragels say the court should have instructed the jury that Wal–Mart had a nondelegable duty to maintain the parking lot in a reasonably safe condition. And, second, the Kragels say the court should have instructed the jury to consider the fault of Laubscher and Lobaugh in the Kragels' case.

### A. *District court's failure to instruct jury that Wal–Mart had a nondelegable duty to maintain the parking lot.*

The Kragels believe the district court erred when it refused to separately instruct the jury that Wal–Mart had a nondelegable duty to maintain the parking lot in a reasonably safe condition. To fully understand the Kragels' contention, we need to review the rules governing the liability of one who employs an independent contractor.

■ 1. *Applicable law.* Generally, an employer of an independent contractor is not liable for the negligence of the contractor or the contractor's employees. Restatement (Second) of Torts § 409 (1965); *Lunde v. Winnebago Indus., Inc.*, 299 N.W.2d 473, 475 (Iowa 1980). The rationale for the rule is that

> since the employer has no power of control over the manner in which the work is to be done by the contractor, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility of preventing the risk, and bearing and distributing it.

Restatement (Second) of Torts § 409 cmt. b (1965).

As one court noted, this general rule "is riddled with a number of common-law exceptions that have practically subsumed the rule." *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 462, 505 A.2d 494, 497 (Ct.App.1986). Comment *b* to section 409 of the Restatement (Second) of Torts points out that these exceptions fall into three broad categories:

1. Negligence of the employer in selecting, instructing, or supervising the contractor.
2. Nondelegable duties of the employer, arising out of some relation toward the public or the particular plaintiff.
3. Work that is specially, peculiarly, or "inherently" dangerous.

Restatement (Second) of Torts § 409 cmt. b (1965).

These exceptions are covered in sections 410 to 429 of the Restatement (Second) of Torts. Sections 410 to 415 deal with liability imposed because of the employer's actual fault. The Kragels do not suggest that Wal-Mart is liable upon any such theory. Rather, they rely upon a theory of vicarious liability based upon one or more of the principles in sections 416 to 429.

The introductory note to sections 416 to 429 pertinently says this:

The rules stated in [sections 416 to 429], unlike those stated in [sections 410 to 415], do not rest upon any personal negligence of the employer. They are rules of vicarious liability, making the employer liable for the negligence of the independent contractor, irrespective of whether the employer has himself been at fault. They arise in situations in which, for reasons of policy, the employer is not permitted to shift the responsibility for the proper conduct of the work to the contractor. The liability imposed is closely analogous to that of a master for the negligence of his servant.

The statement commonly made in such cases is that the employer is under a duty which he is not free to delegate to the contractor. Such a "nondelegable duty" requires the person upon whom it is imposed to [insure] that care is exercised by anyone, even though he be an independent contractor, to whom the performance of the duty is entrusted. Such duties have been recognized in a series of exceptions to the "general rule" of nonliability stated in [section] 409, which are stated in [sections 416 to 429].

Restatement (Second) of Torts §§ 416–429 commentary at 394 (1965).

■ As one commentator points out, courts generally agree that the duty of a possessor of land to keep the possessor's premises in a reasonably safe condition for business invitees is a nondelegable duty. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 71, at 511–12 (5th ed. 1984). *See also* 41 Am.Jur.2d *Independent Contractors* § 46, at 815 (1968); Thomas E. Miller, Annotation, *Storekeeper's Liability for Personal Injury to Customer Caused by Independent Contractor's Negligence in Performing Alterations or Repair Work*, 96 A.L.R.3d 1213 (1979). As one court has noted, the term "nondelegable duty" in this context is somewhat of a misnomer because "the owner is free to delegate the duty of performance to another, but he cannot thereby avoid or delegate the risk of nonperformance of the duty." *Rowley*, 305 Md. at 466, 505 A.2d at 499.

■ This particular nondelegable duty is covered in two different sections of the Restatement (Second) of Torts: sections 422 and 425. In *Lunde* this court implicitly adopted section 422. *Lunde*, 299 N.W.2d at 479–80. Section 422 provides:

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land during the progress of the work, or

(b) after he has resumed possession of the land upon its completion.

Restatement (Second) of Torts § 422 (1965). As comment *a* to this section explains, this rule applies to, among others, invitees. Restatement (Second) of Torts § 422 cmt. a (1965).

We have, however, never adopted section 425. Section 425 is closely analogous to section 422. Restatement (Second) of Torts § 425 cmt. a (1965). Section 425 pertinently provides:

One who employs an independent contractor to maintain in safe condition land which he holds open to the entry of the public as his place of business, ... is subject to the same liability for physical harm caused by the contractor's negligent failure to maintain the land ... in reasonably safe condition, as though he had retained its maintenance in his own hands.

Restatement (Second) of Torts § 425 (1965). The courts adopting section 425 have held that it protects business invitees. *See, e.g., Hafferman v. Westinghouse Elec. Corp.,* 653 F.Supp. 423, 430 (D.D.C.1986) (hotel owner's duty of reasonable care to painter, a business invitee who had been employed as an independent contractor, included need to properly inspect and repair elevator, which duty could not be delegated to elevator company).

Because section 425 is closely analogous to section 422, we see no good reason not to adopt section 425. We do so now. We hold that under either section a possessor of land is subject to liability to its invitees if its premises are not in a reasonably safe condition whether the possessor maintained the premises itself or hired an independent contractor to do so.

2. *The merits.* The Kragels submitted the following requested jury instruction based upon section 425 of the Restatement (Second) of Torts:

A corporation who employs an independent contractor to maintain in safe condition land which it holds open to the entry of the public as its place of business is subject to the same liability for physical harm caused by an independent contractor's negligent failure to maintain the land in a reasonably safe condition, as though it had retained its maintenance in its own hands.

The district court refused to give this instruction. During a conference on the instructions, it became clear why. The court was convinced—erroneously—that Wal–Mart was not liable for the actions of Laubscher and Lobaugh. The court believed that Wal–Mart was only liable for its actual fault. In short, the court was relying on the general rule that an employer of an independent contractor is not liable for the negligence of the contractor.

Here the evidence was uncontroverted that Bernadine was a business invitee of Wal–Mart at the time she fell. Clearly, the Kragels were entitled to an instruction that Wal–Mart had a nondelegable duty to maintain its premises in a reasonably safe condition for its invitees. In short, the district court should have submitted the Kragels' requested instruction based upon section 425 of the Restatement (Second) of Torts.

■ Instead, the court gave two instructions which Wal–Mart says conveyed the nondelegable duty concept even though the district court was mistaken as to the law. The first one was Instruction No. 13, which states:

Instruction No. 13

The plaintiffs claim Wal–Mart was at fault because of its negligence. Negligence has been explained to you in Instruction No. 10. The plaintiff[s] must prove all of the following propositions:

1. Wal–Mart knew or in the exercise of reasonable care should have known of a condition on its property that involved an unreasonable risk of injury to a person in Bernadine Kragel's position.

2. The condition was one that Wal–Mart should have expected would not have been discovered or the danger realized by Bernadine Kragel or one that Wal–Mart should have expected Bernadine Kragel would fail to protect herself from. If the condition of the property was known or obvious to a reasonably prudent person in Bernadine Kragel's position, plaintiffs then must prove that Wal–Mart should have anticipated the harm despite such knowledge and obviousness.

3. Wal–Mart was negligent in failing to exercise reasonable care to make the parking lot safe for Bernadine Kragel's use.

4. The negligence was a proximate cause of the plaintiffs' damages.

5. The nature and extent of damage.

If the plaintiffs have failed to prove any of these propositions, the plaintiffs are not

entitled to damages. If the plaintiffs have proved all of these propositions, you will consider the defense of comparative fault as explained in Instruction No. 15.

Instruction No. 13 is based upon Iowa Civil Jury Instruction 900.1, which in turn is based upon sections 343 and 343A of the Restatement (Second) of Torts. We agree with Wal–Mart that the instruction is a correct statement of the law as it pertains to the duty of a possessor of land to business invitees.

We disagree, however, with Wal–Mart's contention that Instruction No. 13 standing alone was sufficient to convey the nondelegable duty concept. In support of its contention, Wal–Mart argues that "[n]owhere was the jury told that Wal–Mart no longer had a duty to make the parking lot safe for its invitees because it hired an independent contractor." The problem with this argument is that it assumes the jury was familiar with the legal concept of nondelegable duty even though the court had never instructed on it.

Instruction No. 13 does not tell the jury that Wal–Mart would be liable for the fault of Laubscher and Lobaugh. Moreover, the special interrogatories were structured in such a way as to compound the error. The jury was told not to go any farther if it found that Wal–Mart was not at fault. This, of course, was consistent with the district court's mistaken belief that Wal–Mart could not be responsible for the fault of Laubscher and Lobaugh. The jury could have determined that (1) Wal–Mart was not at fault for its own actions because it had done everything it could do, and (2) any failure to maintain the premises in a safe condition fell on Laubscher and Lobaugh. Under this scenario, the jury had no instructions to consider whether Wal–Mart was vicariously liable for Laubscher's and Lobaugh's fault.

■ Wal–Mart thinks Instruction No. 24, which the district court also gave, conveys Wal–Mart's nondelegable duty to maintain the premises in a reasonably safe condition for business invitees. Instruction No. 24 said:

Instruction No. 24

The law provides that a person who undertakes to do a particular thing, cannot, by employing an independent contractor, avoid responsibility for an injury resulting from the non-performance of any duties which, under the terms of the agreement or by implication of law, are assumed by the person making the agreement to do a particular thing. In such a situation, an employer of an independent contractor is liable for the negligent performance or non-performance of such duties even though he employs an independent contractor to do the work. That is, the performance of the contract may be delegated to another, but the delegation of the performance of the contract does not relieve the employer of his duty to act, or his duty to act with due care.

In a closely related instruction—No. 22—the court had already explained Wal–Mart's contribution theory against Laubscher and Lobaugh.

There are two problems with Wal–Mart's contention that Instruction No. 24 conveys Wal–Mart's nondelegable duty. First, in the instruction conference, the district court made it very clear that (1) Instruction No. 24 did not pertain to Wal–Mart's actual fault toward Bernadine, and (2) it did not intend Instruction No. 24 to convey the concept that Wal–Mart could be liable to the Kragels for the fault of Laubscher and Lobaugh. The following is the court's colloquy with counsel on this point:

KRAGELS' COUNSEL: ... I want to know what your intentions were [with respect to Instruction No. 24].

THE COURT: I guess Instruction 24 pertains to the business between Mr. Laubscher—

WAL–MART'S COUNSEL: Lobaugh.

THE COURT: —Lobaugh—

WAL–MART'S COUNSEL: And I don't mean to speak out of turn, but what I think the bottom line of Instruction No. 24 is that even though Mr. Laubscher hired Mr. Lobaugh, he still has a duty of due care. That's the very last sentence. I mean he isn't giving up his duty to act with

due care because he hired out the job. That's what it says.

THE COURT: Yeah. See it pertains to—to that who undertakes to do a particular thing. It doesn't apply to Wal–Mart. They didn't undertake to do a particular thing, that they hired a contract ... Wal–Mart is not liable as an employer of these people that they got. It's an independent contractor relationship.

. . . .

THE COURT: Yeah. And if they were the employer, then you would be right, ... that then it would be their negligence—would be Wal–Mart's negligence. But I think the case that you have cited and the case that Wal–Mart cited makes it clear that an independent contractor is not liable under respondeat superior. I mean the person that contracts with the independent—I guess, it's the person who hires an independent contractor, is not responsible for the acts of the independent contractor except in certain situations.

The court thus put the Kragels' counsel in an untenable position: Counsel could not—without objection from opposing counsel—argue that Wal–Mart was responsible for the fault of Laubscher and Lobaugh.

Second, Instruction No. 24 does not clearly convey in plain English that if Laubscher and Lobaugh were at fault in removing the snow, Wal–Mart would be responsible to the Kragels for Laubscher's and Lobaugh's fault. The reason is obvious: The court did not intend the instruction to convey this to the jury. Under the district court's theory of the case, Wal–Mart's contribution claims would come into play only if the jury found that Wal–Mart was liable for its actual fault. And Instruction Nos. 22 and 24 are premised on this theory. So no reasonable jury could have believed that Instruction No. 24 conveyed Wal–Mart's nondelegable duty to make the premises reasonably safe for Bernadine.

We conclude the district court committed reversible error when it refused to give the Kragels' requested jury instruction.

■ B. *District court's failure to instruct jury to consider fault of Laubscher and Lobaugh.* The Kragels concede they sued only Wal–Mart. Because they did so, the district court rejected the Kragels' proposed jury instruction that would have permitted the jury to (1) find Laubscher and Lobaugh at fault, and then (2) attribute their fault to Wal–Mart.

A "party" as used in our comparative fault statute includes a claimant, a person named as a defendant, a person who has been released pursuant to Iowa Code section 668.7, and a third-party defendant. Iowa Code § 668.2 (1991). Iowa Code section 668.3 provides the procedure for instructing the jury as to the allocation of fault:

> 2. In the trial of a claim involving the fault of more than one party to the claim, including third-party defendants and persons who have been released pursuant to section 668.7, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories ... indicating all of the following:
>
> . . . .
>
> b. The percentage of the total fault allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under section 668.7. For this purpose the court may determine that two or more persons are to be treated as a single party.

Iowa Code § 668.3(2)(b).

■ A third-party defendant for the purpose of these two sections means a third-party defendant whose fault toward the claimant is an issue either in the original action or in the third-party action. *Reese v. Werts Corp.,* 379 N.W.2d 1, 6 (Iowa 1985). And only parties whose fault toward the claimant is an issue should be included in the total aggregate of causal fault. The fault of parties toward the claimant which has not been placed in issue cannot be considered. *Schwennen v. Abell,* 430 N.W.2d 98, 102 (Iowa 1988).

Here Wal–Mart's contribution claims against Laubscher and Lobaugh put in issue their fault toward the Kragels. Similarly, Laubscher's contribution claim against Lobaugh puts in issue Lobaugh's fault toward the Kragels. So the fault of Laubscher and

Lobaugh should have been included in the total aggregate of causal fault toward the Kragels. The district court committed reversible error in refusing to so instruct the jury.

### V. *Issue in the Cross–Appeal.*

■ Laubscher objects here, as he did in the district court, to Instruction No. 22. We address this issue in the event it arises on new trial.

In Instruction No. 22, the court instructed the jury as to Wal–Mart's contribution claim against Laubscher and Lobaugh. The instruction stated in pertinent part that

> Wal–Mart claims that either or both Mr. Laubscher and Mr. Lobaugh created a condition on the Wal–Mart parking lot which resulted in the injury of the plaintiff.

> The law provides that a contractor who on behalf of the possessor of the land upon which the contractor works creates any condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, as to physical harm caused to others upon the land by the condition.

> A contractor remains liable under the above rule even after termination of the contractor's work and even if the possessor of land is under a duty toward the person injured to discover the condition created by the contractor.

This instruction is based upon section 384 of the Restatement (Second) of Torts which provides in pertinent part:

> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land.

Restatement (Second) of Torts § 384 (1979).

■ A failed attempt to remove snow and ice can create an artificial condition subjecting the one who created the condition to liability. *See, e.g., Smith v. J.C. Penney Co.,* 260 Iowa 573, 577, 149 N.W.2d 794, 797 (1967) (ice accumulated near back step of building was not result of natural condition, but was result of snow melting and dripping from four window awnings, roof, or eave troughs); *Hanson v. Town & Country Shopping Ctr., Inc.,* 259 Iowa 542, 550, 144 N.W.2d 870, 875 (1966) (jury question engendered where shopping center dumped snow cleared from sidewalk and parking area into area where plaintiff fell; condition was "actively created by defendant depositing snow in the area with thawing and freezing a distinct probability"); *Corkery v. Greenberg,* 253 Iowa 846, 850, 114 N.W.2d 327, 329 (1962) (ice and snow causing plaintiff's fall not in natural state when cut up with ruts and footprints); *Franzen v. Dimock Gould & Co.,* 251 Iowa 742, 750, 101 N.W.2d 4, 9 (1960) (jury could find that defendant and those under defendant's control caused and maintained an artificial and dangerous condition which was the cause of the plaintiff's injuries by (1) allowing snow and slush to be carried from defendant's parking lot and the street, (2) depositing snow and slush on public sidewalk, and (3) leaving snow and slush there to create a hazard for pedestrians).

Here the evidence was that Lobaugh affirmatively altered the slushy snow. Testimony described the condition created as "jagged," "bumpy," and "slick." The district court correctly noted that had the slushy snow been left in its natural condition, the instruction would not have applied. But Lobaugh affirmatively altered the slushy snow by his attempts at removal. In these circumstances, there was sufficient evidence to submit Instruction No. 22.

■ Laubscher has a fall-back position. He maintains Instruction No. 22 erroneously subjects him to liability even after termination of his work. Our case law holds that the independent contractor remains liable even after the contractor's employer accepts the work. *Thompson v. Burke Eng'g Sales Co.,* 252 Iowa 146, 153–55, 106 N.W.2d 351, 355–57 (1960); *see also* Restatement (Second) of Torts § 385 (1965); 41 Am.Jur.2d *Independent Contractors* § 50, at 823–24 (1968).

We conclude there was no error as to Instruction No. 22.

## VI. *Disposition.*

As to the appeal, the district court committed reversible error in refusing to submit the Kragels' requested instruction based upon section 425 of the Restatement (Second) of Torts. The court also erred when it refused to instruct the jury to consider the fault of Laubscher and Lobaugh in the total aggregate of causal fault toward the Kragels. We therefore reverse and remand for new trial.

As to the cross-appeal, the court properly instructed the jury that it could find Laubscher and Lobaugh created an artificial condition, thereby subjecting the two to liability for contribution to Wal–Mart.

**REVERSED AND REMANDED FOR NEW TRIAL ON APPEAL; AFFIRMED ON CROSS–APPEAL.**