Hillsborough-northern judicial district
No. 96-464

MARGARET VALENTI

v.

NET PROPERTIES MANAGEMENT, INC.

March 5, 1998

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Ovide M. Lamontagne* on the brief, and *Mr. Dunn* orally), for the plaintiff.

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Michael B. O'Shaughnessy* and *Robert G. Whaland* on the brief, and *Mr. Whaland* orally), for the defendant.

BROCK, C.J. The plaintiff, Margaret Valenti, slipped and fractured her left hip while on the premises of the defendant, NET Properties Management, Inc. Following a trial in Superior Court (*Abramson*, J.), the jury returned a verdict for the defendant. We reverse and remand.

The Bedford Mall (mall), located in Bedford, is owned and managed by the defendant. The defendant hired an independent contractor to design the mall's entryway, and another to maintain the mall's entryway and floors. On November 23, 1994, the plaintiff slipped and fell as she walked up the entryway to the mall, allegedly because the floor was wet from the rain and snow that had fallen earlier in the day. The plaintiff fractured her left hip as a result of the fall and subsequently underwent surgery and physical therapy.

At trial, the plaintiff asserted two theories of negligence against the defendant. The plaintiff claimed that the defendant was personally negligent in the design, construction, or maintenance of the entryway, and vicariously liable for the negligence of its independent contractors. The jury returned a verdict for the defendant, and this appeal followed. On appeal, the plaintiff argues that the trial court erred in: (1) instructing the jury that a business landowner may delegate its duty to maintain the safety of its premises; and (2) excluding evidence regarding the defendant's role in the placement of safety mats at the entrance to the mall following the accident.

The defendant argued at trial that because it had hired independent contractors to design and maintain the mall's entryway, the mall could only incur liability if it unreasonably delegated these duties. The defendant's theory was premised on the general rule that an employer of an independent contractor is not vicariously liable for the contractor's negligence. *See* RESTATEMENT (SECOND) OF TORTS § 409 (1965). The defendant requested a jury instruction consistent with this general rule, while the plaintiff requested an instruction in accordance with RESTATEMENT (SECOND) OF TORTS § 425 (1965), which contains an exception to the rule. After hearing arguments on this issue, the trial court essentially adopted the defendant's position by including the following instruction:

> Now, the defendant in this case has the right to delegate the responsibility for maintenance to a third party, but it is up to you to determine whether the delegation of that duty was reasonable.

The plaintiff contends that the trial court erred in failing to instruct the jury in accordance with the principle contained in the RESTATEMENT (SECOND) OF TORTS § 425, which provides that a business landowner may *not* delegate his duty to maintain premises which he holds open to the public.

An erroneous jury charge constitutes reversible error if "the jury could have been misled by the erroneous jury charge into basing its

verdict on a misperception of the law." *Bohan v. Ritzo*, 141 N.H. 210, 214, 679 A.2d 597, 600 (1996) (quotation and brackets omitted). A jury instruction is considered adequate if it "fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants." *Id.* (quotation omitted).

As a general rule, an employer is not liable for the negligence of its independent contractor. *Elliot v. Public Serv. Co. of N.H.*, 128 N.H. 676, 678, 517 A.2d 1185, 1187 (1986); RESTATEMENT (SECOND) OF TORTS § 409. This rule is so riddled with exceptions, however, *see* RESTATEMENT (SECOND) OF TORTS §§ 410-429 (1965), that the "exceptions . . . have practically subsumed the rule." *Rowley v. City of Baltimore*, 505 A.2d 494, 497 (Md. 1986); *see* RESTATEMENT (SECOND) OF TORTS § 409 comment b at 370 (stating that section 409 "is now primarily important as a preamble to the catalog of its exceptions" (quotation omitted)). In fact, comment b to section 409 of the RESTATEMENT (SECOND) OF TORTS states that the exceptions to section 409 "are so numerous, and they have so far eroded the 'general rule,' that it can now be said to be 'general' only in the sense that it is applied where no good reason is found for departing from it." One such exception is contained in section 425, which provides:

> One who employs an independent contractor to maintain in safe condition land which he holds open to the entry of the public as his place of business . . . is subject to the same liability for physical harm caused by the contractor's negligent failure to maintain the land . . . in reasonably safe condition, as though he had retained its maintenance in his own hands.

RESTATEMENT (SECOND) OF TORTS § 425. The plaintiff urges us to adopt this exception.

Section 425 contains a rule of vicarious liability, stating that one who holds his premises open to the public for business purposes is liable for the negligence of an independent contractor he hires to maintain the premises. *See* RESTATEMENT (SECOND) OF TORTS introductory note to §§ 416-429, at 394. The comments and illustrations following section 425 suggest that this rule is applicable to all possessors of business premises, including owners and tenants. *See* RESTATEMENT (SECOND) OF TORTS § 425 comment a, illustration 1, 2, at 412. When these entities invite the public onto their premises for business purposes, policy concerns counsel against allowing them to shield themselves from liability by hiring independent contractors. *See* RESTATEMENT (SECOND) OF TORTS introductory

note to §§ 416-429, at 394. Section 425 resolves these concerns by permitting owners and tenants of business premises to be sued by persons who enter public buildings expecting them to be safe. *See Kragel v. Wal-Mart Stores, Inc.*, 537 N.W.2d 699, 704 (Iowa 1995); *Rowley*, 505 A.2d at 499; RESTATEMENT (SECOND) OF TORTS § 425. Moreover, those who own or operate business premises are in the best position to protect against the risk of personal injury on their premises and can seek indemnification or contribution from their independent contractors. *See Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 284-86, 294 A.2d 211, 212-14 (1972).

These reasons persuade us to adopt section 425 of the RESTATEMENT (SECOND) OF TORTS, and join the many jurisdictions that have already embraced this exception. *See, e.g., Hafferman v. Westinghouse Elec. Corp.*, 653 F. Supp. 423, 430 (D.D.C. 1986); *Kragel*, 537 N.W.2d at 704; *Rowley*, 505 A.2d at 497, 499, 503. Although we have never formally adopted this exception prior to today, the concept originated in *Stevens v. Company*, 73 N.H. 159, 60 A. 848 (1905), where we reasoned that

> [t]he duty imposed by law upon the defendant, as owner and occupier of the premises, for the reasonable protection of its invitee, is not performed by an attempted delegation of it to a third party. It is a non-delegable duty, arising from the proprietor's control of the premises; and where the duty sought to be enforced is one imposed by law upon the defendant, he cannot escape liability by showing that he employed another, over whom he had no control, to perform it for him. He may bargain with the contractor that he shall perform the duty, and stipulate for an indemnity from him if it is not performed, but he cannot thereby relieve himself from liability to those injured by the failure to perform it.

*Id.* at 169, 60 A. at 853 (quotations and citations omitted).

■ Accordingly, we hold that when a possessor of business premises employs an independent contractor to maintain such premises, he is subject to liability for the independent contractor's negligence. *See Kragel*, 537 N.W.2d at 704. Although a possessor of business premises "is free to delegate the duty of performance to another . . . he cannot thereby avoid or delegate the risk of non-performance of the duty." *Rowley*, 505 A.2d at 499. Because we conclude that the jury instruction was erroneous in that it did not include this principle, we reverse and remand for a new trial. *See Kragel*, 537 N.W.2d at 708.

Our reversal on this issue is dispositive; thus, we need not address the plaintiff's remaining argument. *See Dime Savings Bank of New York v. Town of Pembroke*, 142 N.H. 235, 238, 698 A.2d 539, 541 (1997).

*Reversed and remanded.*

All concurred.