STATE AUTO MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

DOVER CONSTRUCTION,
INC., Defendant.

No. C03–4009–MWB.

United States District Court,
N.D. Iowa,
Western Division.

July 30, 2003.

See also 2003 WL 21272258.

Jason D. Walke, Gunderson, Sharp & Rein, PC, Des Moines, IA, for Plaintiff.

John C. Gray, Heidmann Redmond Fredregill Patterson Plaza Dykstra & Prahl, Sioux City, IA, for Defendant.

**MEMORANDUM OPINION AND ORDER REGARDING STATE AUTO'S MOTION FOR SUMMARY JUDGMENT**

BENNETT, Chief Judge.

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................. 1024
    A.  Pertinent Factual Background ...................................... 1024
    B.  Procedural Background ............................................. 1026

II.  DISCUSSION ............................................................. 1026
    A.  Choice of Law ..................................................... 1026
    B.  Applicable Standards .............................................. 1027
    C.  Parties' Arguments ................................................ 1027
    D.  Legal Analysis ................................................... 1028
        1.  An insurer's duty to defend, generally ........................ 1028
        2.  Coverage for Eischeid's claims ............................... 1028
            a.  Potential liability based on Woods's negligence .......... 1029
            b.  Application of caselaw ................................... 1031

III.  CONCLUSION ............................................................ 1031

This matter comes before the court on the plaintiff's Motion for Summary Judgment, filed June 9, 2003. On February 6, 2003, the plaintiff, State Auto Mutual Insurance Company ("State Auto") filed a Complaint for Declaratory Judgment. In a separate action pending before this court, James Eischeid ("Eischeid") has sued the defendant in this case, Dover Construction, Inc. ("Dover"), as well as his employer, Woods Masonry, Inc. ("Woods"), for injuries arising out of the collapse of a concrete wall at a construction site where Eischeid was working.[1] Woods was the subcontractor on that job, and Dover was the general contractor.

The plaintiff is this action, State Auto, was Woods's general liability insurer at the time Woods and Dover entered into a subcontract agreement. Pursuant to that agreement between Dover and Woods, Woods assumed, among other things, a duty to defend Dover for certain liabilities arising out of their business relationship. For that reason, when Eischeid filed suit against Dover, as Woods's insurance carrier, State Auto undertook Dover's defense in Eischeid's personal injury action. In this action, State Auto seeks a declaration that it has no duty to provide a defense for Dover in Eischeid's personal injury action for claims arising out of Dover's own negligence and a declaration that it has no duty to provide coverage for any judgment against Dover in the personal injury case arising out of Dover's own negligence.

## I.  INTRODUCTION

### A.  Pertinent Factual Background

The parties agree that the material facts in this case are undisputed. The coverage dispute in this declaratory judgment action has its genesis in Eischeid's pending personal injury action. In that lawsuit, C00–4100–MWB, Eischeid asserts claims arising from an accident at a construction site on March 17, 1999. Eischeid was working at the site as an employee of Woods, which was, in turn, a subcontractor for masonry work on the construction project for the general contractor, Dover. Eischeid was seriously injured when an unbraced, ungrouted wall under construction on the pro-

---

1. Eischeid also sued the architectural firm that designed the building in question, but this court granted the firm's Motion for Summary Judgment on January 31, 2003. Eischeid consented to the dismissal of his claims against the architectural firm in a written statement filed January 22, 2003. The firm's alleged negligence is not at issue in this declaratory judgment action, and, therefore, the court will disregard the fact Eischeid filed suit against a party other than Dover and Woods Masonry.

ject collapsed, apparently under the force of gusty winds.

Prior to beginning work on the project, Woods and Dover entered into a subcontract agreement. The agreement required Woods to obtain insurance, the types and amounts of which Dover approved prior to the commencement of work at the Spencer, Iowa job site. Woods's general liability insurer at the time was State Auto. Pertinent to this lawsuit, the Subcontract Agreement included the following indemnity provision, captioned as "HOLD HARMLESS AGREEMENT":

> The Subcontractor will and does agree to defend, indemnify, save and hold harmless, Contractor ... to the fullest extent permitted by law, of and from all claims, loss, damages, injury causes and actions, suits of whatsoever nature (except only any thereof resulting from the negligent act or omission of any or all of the indemnities [sic] ), for personal injury ... alleged to arise out of, or any conditions, of the work performed under this Contract, whether by this Subcontractor or by any sub-Subcontractor of this Subcontractor, and whether any such claim, cause of action, or suit is asserted against Contractor, the owners, and/or the architects, their agents, employees and assigns or this Subcontractor severally, jointly, and/or jointly and severally.

[Pf.'s Statement of Undisputed Facts, ¶ 14; Pf.'s exh. 4, ¶ 12].

On September 15, 2000, Eischeid filed suit against Dover. In March of 2001, Eischeid amended his complaint and added a direct negligence claim against Woods. In the original and amended complaints, Eischeid alleges that Dover was responsible for maintaining a safe work site but failed to do so. He avers that this failure and Dover's negligence in performing construction work proximately caused his injuries. [Pf.'s exhs. 1, 7]. In the amended complaint, he alleges that Woods was negligent in performing construction work and that this negligence was a direct and proximate cause of his injuries. [Pf.'s exh. 7]. Dover filed a third-party complaint against Woods, claiming that, to the extent that there is a judgment rendered against Dover for Woods's negligence, Woods must indemnify Dover for that portion of the judgment that is attributable to Woods's negligence.

Shortly before State Auto filed the present declaratory judgment action, this court entered an Order in Eischeid's personal injury case, on June 2, 2003, regarding Woods's motion for summary judgment on Eischeid's claim against it and on Dover's third-party complaint against it. Eischeid did not resist Woods's summary judgment motion, and the court held that summary judgment was appropriate on the merits because of the exclusivity of Iowa's Workers' Compensation statute, Iowa Code chapter 85. Pertinent to State Auto's lawsuit, the court concluded that Dover and Woods's Subcontract Agreement required Woods to indemnify Dover for damages arising out of Woods's negligence but not out of Dover's own negligence. *Eischeid v. Dover Constr., Inc.*, 265 F.Supp.2d 1047, 1056–57 (N.D.Iowa 2003). The court also granted Woods's unresisted motion to the extent Dover asserted claims of negligence, for contribution, and for breach-of-contract for failure to procure workers' compensation insurance.

The court denied Woods's motion insofar as it sought summary judgment on Dover's breach-of-contract claim for breaches of contractual duties to comply with the plans and specifications for the construction project and to comply with OSHA regulations and on Dover's claim for indemnity. Moreover, in accordance with the procedure outlined in the unpublished decision of the Iowa Court of Appeals in *Sward v.*

*Nelson Construction, Inc.*, 662 N.W.2d 370, 2003 WL 118206 (Iowa Ct.App.2003), this court also illustrated how the court would instruct the jury in Eischeid's personal injury case in order to simultaneously address Dover's third-party claim for indemnity against Woods: the court will permit the jury to assign causal negligence to Woods in Eischeid's suit against the general contractor, Dover, in order to determine Woods's indemnity to Dover. *Eischeid,* 265 F.Supp.2d 1047, 1059–59.

Since the commencement of this lawsuit, State Auto has provided Dover with a defense, subject to a reservation of rights. It now seeks a determination that it has no such duty to continue to provide a defense. The parties do not dispute the facts before this court on this motion, and the parties agree that the court's determination on this motion will dispose of this declaratory judgment action.

### B. Procedural Background

The present action was filed on February 6, 2003. Jurisdiction is proper under 28 U.S.C. § 1332—diversity jurisdiction—because the plaintiff is an Ohio corporation with its principle place of business in Ohio, and the defendant is an Illinois corporation with its principle place of business in Illinois. The plaintiff avers in its complaint that the amount in controversy exceeds $75,000.00. The defendant, Dover, answered the complaint on April 22, 2003. Pursuant to the plaintiff's request, the court scheduled this matter for an expedited hearing on the merits. The plaintiff filed this motion for summary judgment on June 9, 2003. The court heard oral arguments in this case on July 25, 2003. At these arguments, the plaintiff was represented by Jason Walke of Gunderson, Sharp & Rhein, P.C., Des Moines, Iowa. The defendant was represented by John Gray of Heidman, Redmond, Fredregill,

Patterson, Plaza, Dykstra & Prahl, Sioux City, Iowa.

### II. DISCUSSION

Before turning to the substantive issues presented on this motion for summary judgment, the court must first address the applicable law, as well as outline the standards for summary judgment governing State Auto's motion.

### A. Choice of Law

Although the parties did not raise the issue, evidently implicitly agreeing that Iowa law controls, the first question is what law controls the interpretation of this Subcontract Agreement. A federal court sitting in diversity must apply the choice of law rules of the forum state—in this case, Iowa. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Iowa law, in turn, employs the Second Restatement's "most significant relationship" test to determine which state's law will govern a contract's interpretation. *See, e.g., Veasley v. CRST Internat'l, Inc.,* 553 N.W.2d 896, 897 (Iowa 1996) (recognizing Iowa's adoption of the "most significant relationship" test); *Cameron v. Hardisty,* 407 N.W.2d 595, 597 (Iowa 1987) (same); *Cole v. State Auto. & Cas. Underwriters,* 296 N.W.2d 779, 781–82 (Iowa 1980) (same); *Berghammer v. Smith,* 185 N.W.2d 226, 231 (Iowa 1971) (same). Here, the court concludes that Iowa has the most significant relationship to this case because the events giving rise to this litigation occurred in Iowa, the subject matter of the Subcontract Agreement between Dover and Woods was in Iowa, the agreement was to be performed entirely in Iowa, and Dover and Woods's relationship existed only in Iowa. Accordingly, the court will apply the substantive law of Iowa in determining whether State Auto has a duty to defend or a duty to indemnify Dover.

### B. Applicable Standards

This court has considered in some detail the standards applicable to motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 in a number of prior decisions. *See, e.g., Swanson v. Van Otterloo,* 993 F.Supp. 1224, 1230–31 (N.D.Iowa 1998); *Dirks v. J.C. Robinson Seed Co.,* 980 F.Supp. 1303, 1305–07 (N.D.Iowa 1997); *Laird v. Stilwill,* 969 F.Supp. 1167, 1172–74 (N.D.Iowa 1997); *Rural Water Sys. # 1 v. City of Sioux Ctr., Iowa,* 967 F.Supp. 1483, 1499–1501 (N.D.Iowa 1997), *aff'd in pertinent part,* 202 F.3d 1035 (8th Cir.2000); *Tralon Corp. v. Cedarapids, Inc.,* 966 F.Supp. 812, 817–18 (N.D.Iowa 1997), *aff'd,* 205 F.3d 1347, 2000 WL 84400 (8th Cir.2000) (Table op.); *Security State Bank v. Firstar Bank Milwaukee, N.A.,* 965 F.Supp. 1237, 1239–40 (N.D.Iowa 1997); *Lockhart v. Cedar Rapids Cmty. Sch. Dist.,* 963 F.Supp. 805 (N.D.Iowa 1997). Thus, the court will not consider those standards in detail here. Rather, it suffices to say that summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under Iowa law, the interpretation of insurance contracts is a question of law for the courts to decide. *Johnson v. Farm Bureau Mutual Ins. Co.,* 533 N.W.2d 203, 206 (Iowa 1995). "No fact question exists if the only dispute concerns the legal consequences flowing from undisputed facts. *Brown v. Monticello State Bank,* 360 N.W.2d 81, 84 (Iowa 1984). In such circumstances, summary judgment is proper. *Jacobs v. Stover,* 243 N.W.2d 642, 643 (Iowa 1976)." *Ottumwa Housing Auth. v. State Farm Fire & Cas. Co.,* 495 N.W.2d 723, 726 (Iowa 1993). In this case, the parties agree that the material facts are undisputed. Therefore, whether a duty to defend exists in this case may properly be decided on a motion for summary judgment in this declaratory judgment action.

### C. Parties' Arguments

In its request for declaratory relief, State Auto sought a declaration that it (1) has no duty to defend Dover in Eischeid's personal injury action and (2) has no duty to provide coverage for any judgment rendered against Dover in Eischeid's personal injury action for damages arising out of Dover's negligence. State Auto argues that it has no duty to indemnify, and, because the duty to defend is coterminous with the duty to indemnify, its obligation to provide a defense to Dover was extinguished with this court's grant of Woods's summary judgment motion regarding Eischeid's direct negligence claim against it.

In its response to State Auto's motion, Dover concedes that State Auto is not obliged to provide coverage for any judgment arising out of Dover's negligence in the personal injury action. However, despite that concession, Dover argues that State Auto must provide Dover with a defense in Eischeid's lawsuit because, under the Subcontract Agreement, Woods is obligated to indemnify Dover for any judgment against Dover arising out of Woods's negligence. Relying on a comparison between Woods's policy limits and Eischeid's settlement demand, Dover argues it is exposed to potential liability for Woods's negligence, should Eischeid recover beyond Woods's policy limitations.

In reply, State Auto contends that Dover's argument is fatally flawed by its assumption that Eischeid has sought recovery against Dover for Woods's negligence. State Auto points to Eischeid's complaint and amended complaint and asserts that Eischeid has not sought to hold Dover vicariously liable for Woods's negligence. Therefore, according to State Auto, it has no duty to provide a defense.

### D.   Legal Analysis

#### 1.   An insurer's duty to defend, generally

Under Iowa law, an insurer has a duty to defend whenever there is potential or possible liability to indemnify the insured based upon the facts appearing at the outset of the case. *First Newton Nat'l Bank v. General Cas. Co. of Wis.*, 426 N.W.2d 618, 623 (Iowa 1988) (citing *McAndrews v. Farm Bureau Mutual Ins. Co.*, 349 N.W.2d 117, 119 (Iowa 1984)); *see also Yegge v. Integrity Mutual Ins. Co.*, 534 N.W.2d 100, 102 (Iowa 1995) (duty to defend whenever potential liability to indemnify based upon facts appearing at outset of the case; however, duty to defend and duty to indemnify are co-extensive duties in that there is no duty to defend unless there is a duty to indemnify); *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 774 (Iowa 1993) (noting that in analyzing the potential duty to defend, which is broader than the duty to indemnify, the appropriate starting point is the allegations contained in the petition); *Kartridg Pak Co. v. Travelers Indem. Co.*, 425 N.W.2d 687, 688 (Iowa Ct.App.1988) (to determine whether insurer had duty to defend, court construes the policy and looks to the pleadings and all other admissible and relevant facts in the record to determine whether coverage exists under the policy). Although courts should look first and primarily to the petition for the "facts at the outset of the case," it is sometimes necessary to expand the scope of inquiry to any other admissible and relevant facts in the record. *First Newton Nat'l Bank*, 426 N.W.2d at 623 (citing *McAndrews*, 349 N.W.2d at 119).

On the other hand, an insurer is not required to provide a defense when no facts presently available to it indicate coverage of the claim, merely because such facts might later be added by amendment or introduced as evidence at the trial. *McAndrews*, 349 N.W.2d at 119. Moreover, the Iowa appellate courts have noted that "[t]he insurer has no duty to defend if after construing both the policy in question, the pleadings of the injured party and any other admissible and relevant facts in the record, it appears the claim made is not covered by the indemnity insurance contract." *Weber v. IMT Ins. Co.*, 462 N.W.2d 283, 285 (Iowa 1990) (quoting *McAndrews*, 349 N.W.2d at 119, in turn, citing *Central Bearings Co. v. Wolverine Ins. Co.*, 179 N.W.2d 443, 445 (Iowa 1970)). If the totality of facts fail to disclose potential coverage, an insurer might proceed in two ways: it could initiate a declaratory judgment action against its insured, or it might elect to do nothing, running the risk, of course, that its insured will seek indemnity if coverage is established at trial. *McAndrews*, 349 N.W.2d at 119 (citations omitted). With these standards in mind, the court proceeds to an analysis of the parties' arguments regarding the language of the Subcontract Agreement at issue in this litigation.

#### 2.   Coverage for Eischeid's claims

In the Subcontract Agreement, Woods agreed to indemnify Dover for damages resulting from Woods's negligence:

> The Subcontractor will and does agree to defend, indemnify, save and hold harmless, Contractor ... to the fullest extent permitted by law, of and from all claims, loss, damages, injury causes and actions, suits of whatsoever nature (except only any thereof resulting from the negligent act or omission of any or all of the indemnities [sic] ), for personal injury ... alleged to arise out of, or any conditions, of the work performed under this Contract.

[Pf.'s exh. 4, ¶ 12]. Thus, the plain language of the Subcontract Agreement requires State Auto to indemnify Dover for

Woods's negligence, but State Auto contends that Eischeid has not sought to hold Dover responsible for Woods's negligence.

On this motion, the court is called upon to speculate as to Eischeid's theories of recovery against Dover. This is so, in part, because Dover did not move for summary judgment on Eischeid's claims in the personal injury action and such clarification is outside the scope of this declaratory judgment action, in which Eischeid is not a party. Therefore, the court is without the ordinary assistance of the plaintiff in exposing his legal theories. However, because the duty to defend arises whenever there is potential or possible liability, *First Newton Nat'l Bank*, 426 N.W.2d at 623, the court must engage in some degree of speculation as to Eischeid's theories of recovery against Dover in order to determine whether his action could give rise to liability for Woods's negligence, because such liability falls squarely within the terms of the indemnity provision of the Subcontract Agreement. Indeed, this court concluded as much in its Memorandum Opinion and Order Regarding Summary Judgment Motions Involving Claims by and Against Woods Masonry, *Eischeid v. Woods Masonry, Inc.*, 265 F.Supp.2d 1047, 1055–56 (N.D.Iowa 2003): "The court concludes that there is no ambiguity that this provision applies to Eischeid's claims against Dover to the extent that they are attributable to *Woods's* negligence." *Id.* (citing *McComas–Lacina Constr. Co. v. Able Constructors*, 641 N.W.2d 841, 845 (Iowa 2002)).

State Auto's argument is grounded in its claim that Eischeid has only sought to hold Dover liable for Dover's own negligence. To the extent Eischeid alleges that Dover was negligent in performing construction work at the Spencer, Iowa job site, [Pf.'s exh. 7, at 23, ¶ 11], State Auto is correct that any potential liability on this claim would arise out of Dover's, not Woods's, negligence. However, Eischeid also avers

that Dover was in control of the Spencer, Iowa job site and, therefore, was responsible for providing him with a safe place to work but failed to do so. [Pf.'s exh. 7, at 23, ¶¶ 6–11]. This allegation warrants additional consideration.

### a. Potential liability based on Woods's negligence

■ Under Iowa law, prime contractors, such as Dover, are generally not liable for injuries arising out of a subcontractor's negligence. *Lunde v. Winnebago Indus., Inc.*, 299 N.W.2d 473, 475 (Iowa 1980) (citing W. Prosser, *Handbook of the Law of Torts* § 71, at 468 (4th ed.1971)); *accord Clausen v. R.W. Gilbert Constr. Co.*, 309 N.W.2d 462, 465–66 (Iowa 1981) ("We start from the general rule that ordinarily the employer (here, the prime contractor) of an independent contractor (here, a subcontractor) is not liable for injuries arising out of the latter's negligence.") (citations omitted). However, the Iowa Supreme Court has noted that "this general rule 'is riddled with a number of common-law exceptions that have practically subsumed the rule.'" *Kragel v. Wal–Mart Stores, Inc.*, 537 N.W.2d 699 (Iowa 1995) (quoting *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 505 A.2d 494, 497 (1986)). Some of these exceptions have potential applicability to Eischeid's underlying lawsuit against Dover.

In *Downs v. A & H Construction, Ltd.*, 481 N.W.2d 520 (Iowa 1992), a subcontractor's injured employee brought suit against the general contractor to recover damages. He alleged that the sole proximate cause of his injuries was the failure of A & H, the general contractor, "to 'properly provide a safe and adequate environment in which to work, and to maintain the premises in a safe condition.'" *Id.* at 523 (quoting plaintiff's petition). A & H responded to the suit, claiming that it owed no duty to

the plaintiff. *Id.* After extensive discovery, A & H moved for summary judgment on this same ground. *Id.* The district court granted the motion, and the plaintiff appealed. *Id.*

In *Downs,* the Iowa Supreme Court began its analysis by noting the general rule of nonliability, which is embodied in Restatement (Second) of Torts section 409: " '[t]he general rule is that an employer of an independent contractor is not vicariously liable for injuries arising out of the contractor's negligence. . . .' The general rule and its exceptions apply equally to owners of property and the contractors they hire, as well as to general contractors and the subcontractors they hire." *Id.* at 523–24 (internal citations omitted). In *Downs,* the Iowa court acknowledged that there were several potential grounds on which A & H could have been liable as the general contractor. Those exceptions included Restatement sections 343, 413, 414, 416, and 427. *See id.* at 524–26. In *Downs,* the court held that no duty was owed to the subcontractor's employee because he failed to establish that the general contractor maintained sufficient control over the work to properly be termed a "possessor" of land within the meaning of the Restatement's exceptions. *See id.*

In another Iowa case, *Farris v. General Growth Development Corp.,* 354 N.W.2d 251 (Iowa Ct.App.1984), the court of appeals reached a different result and sustained the jury's verdict in favor of the subcontractor's injured employee and against the general contractor. The court noted that the exceptions to the rule of nonliability for independent contractors were contained in Restatement sections 410 through 429. *Id.* at 253. Under these sections, a general contractor's duty to a subcontractor's employees is premised on control and possession of the premises. *Id.* The facts presented in *Farris* gave rise to a finding that the general contractor

was in possession of and had control over the premises; therefore, the *Farris* court held that the trial court properly instructed the jury that the defendant/general contractor owed the plaintiff a duty to provide a reasonably safe place to work. *Id.* at 254.

Moreover, the general contractor in *Farris* claimed that the trial court erred by instructing the jury that, if the general contractor assumed the duty to provide a safe work place under its contract with the owner of the land on which the plaintiff was working, it could not escape liability by delegating that duty to the subcontractor. *Id.* at 255. In *Farris,* the contract between the general contractor and the land owner imposed a duty on the general contractor to provide reasonable precautions for employee safety. *Id.* Because the plaintiff was a third-party beneficiary of this provision, the trial court properly instructed the jury that the general contractor "owed a contractual duty to [the plaintiff] for proper safety precautions and that such duty was nondelegable." *Id.*

■ In yet another analogous case, the Iowa Supreme Court stated that the vicarious liability exceptions to the general rule of nonliability, contained in Restatement sections 416 through 429, are nondelegable. *Kragel v. Wal–Mart Stores, Inc.,* 537 N.W.2d 699, 703 (Iowa 1995); *accord Goebel v. Dean & Assocs.,* 91 F.Supp.2d 1268 (N.D.Iowa 2000) (applying Iowa law and holding "under its contract with Goss [the owner of the premises], Dean [the seller of the printing press] was under a non-delegable duty to install the printing press with due care, which included the duty to install the access stops properly, even though Dean contracted this work to Norton [the independent contractor]."); *Giarratano v. Weitz,* 259 Iowa 1292, 147 N.W.2d 824 (Iowa 1967) (" '[O]ne who owes, and is personally bound to perform, an absolute and positive duty to the public

or an individual cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor, and will be liable for injuries resulting from the contractor's negligence in the performance thereof, whether the duty is imposed by law or by contract...."). However, "[t]he term 'nondelegable duty' in this context is somewhat of a misnomer because 'the owner is free to delegate the duty of performance to another, but he cannot thereby avoid or delegate the risk of nonperformance of the duty.'" *Kragel,* 537 N.W.2d at 703 (quoting *Rowley,* 505 A.2d at 499).

### b. Application of caselaw

■ These cases teach that, under certain circumstances, which may or may not be present in Eischeid's action against Dover, as the general contractor, Dover might have either contractually or by its control of the Spencer, Iowa job assumed a duty to provide a safe working environment for Eischeid. While Dover may have assigned this duty to Woods, Dover remains liable for its negligent performance because such a duty is "nondelegable" under Iowa law. *See Kragel,* 537 N.W.2d at 703. Thus, Eischeid's allegation in his complaint that Dover was "in charge and control of the design and performance of" construction at the work site and was "responsible for providing James Eischeid with a safe place to work" are sufficient to allege theories of recovery based on the principles of the vicarious liability exceptions to Iowa's general rule of nonliability.

Accordingly, because Dover may potentially be liable for Woods's negligence, Eischeid's personal injury lawsuit against Dover squarely triggers invocation of the indemnification clause of Dover and Woods's Subcontract Agreement. Thus, because the lawsuit against Dover possibly seeks damages based on Woods's failure to perform a duty that Dover assigned to it, potential liability to indemnify Dover has been established and the Subcontract Agreement's "Hold Harmless" provision requires State Auto to defend Dover in the suit brought against it by Eischeid. *See Yegge,* 534 N.W.2d at 102; *Essex Ins. Co.,* 506 N.W.2d at 774, *First Newton Nat'l Bank,* 426 N.W.2d at 623; *McAndrews,* 349 N.W.2d at 119. It must be remembered that the duty to defend is broader than the duty to indemnify. *Essex Ins. Co.,* 506 N.W.2d at 774. Therefore, the court denies State Auto's motion for summary judgment.

### III.  CONCLUSION

Because the court finds that Dover faces potential liability for Woods's negligence, the court cannot grant State Auto's motion in its entirety. Instead, the court **grants in part and denies in part** State Auto's Motion for Summary Judgment. To the extent State Auto seeks a declaration that it has no duty to indemnify Dover for damages resulting from Dover's negligence, the court **grants** State Auto's motion. However, because potential liability to indemnify Dover has been established under the terms of Woods and Dover's Subcontract Agreement, **State Auto is required to defend Dover** against Eischeid's underlying lawsuit in case number C00–4100–MWB. This portion of State Auto's motion, therefore, is **denied.**

**IT IS SO ORDERED.**